118 So.2d 241 (1960)
Paul A. CHATELIER, Appellant,
v.
John Fite ROBERTSON, As Ancillary Administrator Cum Testamento Annexo of the Estate of Charles Redfield Vose, Deceased, Appellee.
No. 1378.
District Court of Appeal of Florida. Second District.
February 24, 1960.
*242 Baya M. Harrison, Jr., and Hugh E. Reams, of Mann, Harrison & Mann, St. Petersburg, for appellant.
John Fite Robertson, of Robertson & Robertson, Sarasota, for appellee.
SHANNON, Judge.
Appellant, as plaintiff below, filed his complaint seeking damages for breach of contract, and the trial court, on motion to dismiss filed by the defendant, dismissed the complaint with prejudice, and hence the appeal. The facts contained in the complaint and its amendments set forth that the plaintiff, sometimes known as Dr. Paul A. Chatelier, entered into a contract with Charles Redfield Vose on the 3rd day of June, 1952, wherein, among other things, Vose agreed to employ plaintiff as supervisor at the salary of $100 per week, so long as Chatelier should live and should not be disabled from engaging in the performance of his duties. In consideration thereof the plaintiff sold and transferred to Vose the plaintiff's manufacturing business, known as "Chatelier's Plant Food", together with the name, trade-mark, goodwill, licenses and privileges of said business and said product; by the said contract it was also agreed that the parties thereto would suffer special and irreparable damage in the event that the production and manufacture of said products should for any reason be interrupted for a period of more than sixty days; said agreement further provided that it should be binding upon the respective heirs, personal representatives, successors and assigns of the parties. Also the complaint alleged complete compliance with the agreement on the part of Chatelier. The plaintiff then sought damages alleging he was wrongfully dismissed from his employment on August 6, 1957. For a second cause of action plaintiff alleged compliance with the contract provisions for escrowing papers and assignment of the trade-marks and trade names. He acknowledged that payments were made to him of royalties from 1952 through 1956  although by his amendment he asserted that the payments were not in accordance with the original contract, but rather with a change that the parties made to the contract. He further alleged that the production and manufacture of "Chatelier's Plant Food" and the payment of royalties to him were permanently stopped by the defendant, and claims damages therefor. The contract, being some twelve typewritten pages, is attached to and made a part of the complaint. Portions of the defendant's motion to dismiss contained the following grounds:
"1. The said complaint, and both causes of action, fail to state a cause of action.
"3. The said complaint, and both causes of action, are based upon the written contract attached thereto and by reference made a part thereof, which contract is, in itself, so indeterminable as to time that it is terminable at the will of either party.
"4. The contract upon which the complaint, and both causes of action, are based shows upon its face that the parties thereto had agreed upon the rights and liabilities of the respective *243 parties in case of breach of the terms thereof by decedent Vose and a reverter of all proprietary rights under Section 7 thereof to Dr. Chatelier has terminated all liability of deceased and his Estate."
The chancellor's final order states in part:
"The Court having found that the contract which is the basis for the cause of action is an unambiguous contract the terms of which cannot be altered by parole evidence and plaintiff having stated before the Court that he wished to amend to set forth parole evidence of the facts leading up to and constituting the basis for the contract subsequently entered into and attached to the complaint as exhibit A, the announced purpose being to vary terms of the contract which the Court has found to be unambiguous, but which the Complainant avers to be Ambiguous, and the Court finding that an amendment of that nature would not state a cause of action.
"It Is Further Ordered and Adjudged That the Defendant's Motion to Dismiss the Complaint, as amended, is hereby granted, without leave to amend and with prejudice, on grounds 1, 3 and 4 of said motion."
The plaintiff was allowed to make the amendments referred to in the court's order, supra, but the chancellor still found the complaint insufficient to state a cause. In this opinion we shall treat the chancellor's order, insofar as the amendments are concerned, upon the question of law which the chancellor determined. In the contract under the "whereas" clause it is stated that Dr. Chatelier is in exclusive possession of the formula for, and engaged in the compounding and manufacturing of, a certain chemical plant food known as "Chatelier's Plant Food", with the name and trade-mark thereof duly registered, copyrighted and owned by Dr. Chatelier; that prior to the date of the contract Chatelier and Vose had entered into a certain "Exclusive Distribution and Sale Franchise" agreement; that both parties are now mutually desirous of and have entered into this agreement whereby Vose becomes the owner of Dr. Chatelier's said manufacturing business and Dr. Chatelier becomes an employee of said business under the ownership of Mr. Vose for the consideration and subject to the payment of the royalties and the performance of the other terms and conditions as contained in the said agreement. The contract provides, among other things, that Vose covenants and agrees to pay Chatelier, his heirs or assigns, certain royalties. In the contract it is provided:
"In view of the special and technical knowledge possessed by Dr. Chatelier of the processes and trade secrets involved in the manufacture of the products covered by this agreement, Dr. Chatelier's obligation hereunder to continue such employment in the supervision and manufacture of the same shall be capable of enforcement by specific performance. So long as Dr. Chatelier continues such active employment, Mr. Vose agrees to pay to Dr. Chatelier the sum of $100.00 per week as salary and compensation for his personal services, in addition to and as distinguished from the royalties as hereinabove provided."
Paragraph 7 of the contract provides:
"Mr. Vose agrees that, so long as this agreement is performed by or on behalf of Dr. Chatelier, that Mr. Vose will continue to manufacture and to sell `Chatelier's Plant Food' and such other product or products as may be covered by this agreement, and to use all reasonable diligence in the promotion and sale thereof. Should Mr. Vose abandon the manufacture or sale of such products, then all proprietory and other rights and interests in said products shall revert to and again become the property of Dr. Chatelier, his *244 heirs, personal representatives or assigns."
The plaintiff has assigned five points in his brief, namely:
1. The court erred in holding that the complaint as amended did not state a cause of action.
2. The court erred in holding that the contract, the breach of which is the basis of this suit, was so indeterminable as to time that it was terminable at the will of either party.
3. The court erred in holding that the contract provided for a reverter which terminated all liability of C.R. Vose or his estate for such breach.
4. The court erred in holding that the contract was unambiguous and could not be amended by parole evidence to resolve the alleged ambiguities.
5. The court erred in refusing plaintiff the right to amend his complaint.
We shall discuss points 2, 3 and 4 in this opinion. Points 1 and 5 will necessarily be inherent in our determination of the three points.
If this contract only provided for employment of the plaintiff during his lifetime without the other considerations forming an integral part of the contract, we would have little difficulty. The defendant has cited to us many cases which hold that a contract of employment for life is terminable at will. However, there are certain exceptions to this rule, one of which is that if, in addition to his services, there is some other consideration which is an integral part of the contract, this other consideration negates the general proposition of law that such a contract is terminable at the will of the other party.
In Hope v. National Airlines, Fla.App. 1957, 99 So.2d 244, 245, certiorari denied, Fla. 1958, 102 So.2d 728, the plaintiff had sued for a breach of contract alleging that the defendant had agreed "he would be employed permanently so long as the defendant corporation was in business", and the lower court had dismissed his complaint. On appeal, in affirming the lower court's decision, the court said:
"* * * The contract was unilateral and mutuality of obligation was lacking between the parties. However, this alone would not preclude enforcement of the contract if the consideration were executed but here the appellant seeks damages on the executory portion of the contract. * * *
"* * * We recognize that under certain circumstances a legal detriment to the promisee may provide sufficient consideration to effect a binding contract. However, the allegations of the complaint here are insufficient to show any such consideration other than the personal services of the appellant."
A great majority of the cases in the United States subscribe to the doctrine that a contract for permanent employment, if not supported by other consideration, is terminable at will. See Adolph v. Cookware Co. of America, 283 Mich. 561, 278 N.W. 687; Gainey v. Coker's Pedigreed Seed Co., 227 S.C. 200, 87 S.E.2d 486. The allegations of the complaint and the wording of the contract clearly show that the plaintiff not only made an agreement for his services, but as a part of the consideration he also had other agreements with Vose. For this reason the amended complaint, and the contract which was attached, are not subject to be dismissed on the motion.
The plaintiff in his point 4 complains that the chancellor in his order found that the contract was unambiguous and therefore could not be altered by parole evidence. However, in his point 3 the plaintiff takes the position that the chancellor erred in dismissing his complaint *245 upon the ground that paragraph 7 providing for a reverter is decisive as to liability upon Vose. In interpreting paragraph 7 of the contract the chancellor construed the second sentence of that paragraph,
"* * * Should Mr. Vose abandon the manufacture or sale of such products, then all proprietory and other rights and interests in said products shall revert to and again become the property of Dr. Chatelier, his heirs, personal representatives or assigns".
to mean that Vose had an absolute right to renounce the contract at will. We do not agree with the chancellor in that interpretation, nor do we agree with plaintiff that it is repugnant to other portions of the contract and requires parole testimony to show what was intended by the words. This sentence is intended to, and does, provide a reverter of the interest in said products should Vose abandon the manufacture or sale of such products. This simply means that upon a breach of the contract by Vose that Chatelier would have the rights to which he was entitled under the contract, and in addition he would be protected by a reverter of the property. But that sentence does not, by the language contained therein, abandon or give up any damages such as are claimed in this amended complaint. This is in no sense a clause providing for a reverter to Chatelier without damages from Vose for breach of the contract.
While we agree with the chancellor's holding in his order that the contract is unambiguous, we must hold that his order sustaining the motion to dismiss upon the 4th ground was error. Plaintiff's 4th point complains that the chancellor erred in holding that the contract was unambiguous and could not be amended by parole evidence. We have taken this up by deciding that the contract was not ambiguous but  when read as a whole  consistent; and we have, to a certain degree, affirmed the chancellor in so holding. But we have also held that the sentence in question does not operate to relieve the defendant from liability.
The chancellor's order dismisses the complaint with prejudice, but from what we have said we believe that the amended complaint states a cause of action and that the order of the chancellor should be reversed.
Reversed.
ALLEN, C.J., and KANNER, J., concur.