518 So.2d 445 (1988)
Donna JONES and Harry Jones, Appellants,
v.
Mark CHARLES, Appellee.
No. 4-86-1162.
District Court of Appeal of Florida, Fourth District.
January 13, 1988.
*446 Stuart A. Teller of Frank & Flaster, P.A., Fort Lauderdale, for appellants.
Robert L. Gossett of Hodges, Gossett, McDonald, Gossett & Crawford, P.A., Hollywood, for appellee.
HERSEY, Chief Judge.
Appellants brought suit against the owner of property abutting a public sidewalk for damages for personal injuries allegedly resulting from the owner's negligence in failing to repair the sidewalk. Attorney's fees under section 57.105, Florida Statutes (1985), were allowed against the appellants after summary judgment had been granted in favor of the defendant. Appellants appeal the award of attorney's fees. The issue is whether appellants' lawsuit was frivolous. See Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501 (Fla. 1982).
Appellee, relying on Woods v. City of Palatka, 63 So.2d 636 (Fla. 1953), Freundlich v. South Seas Operating Corporation, 398 So.2d 490 (Fla. 3d DCA 1981), Cantens v. Jeff-Son, Inc., 381 So.2d 307 (Fla. 3d DCA 1980), and Beattie v. City of Coral Gables, 358 So.2d 1131 (Fla. 3d DCA 1978), contends that the law is settled that one on whom a municipal ordinance imposes a duty to maintain a sidewalk is not liable to a member of the public whose personal injury is caused by failure to properly maintain and repair the sidewalk. Therefore, argues appellee, appellants' complaint was legally baseless.
We agree with appellants, however, that to the extent that the law is contrary to their position, their complaint constituted a reasonable good faith effort to effect a change in the law. See Gornto v. Marks, 311 So.2d 177, 178-79 (Fla. 1st DCA 1975) (Boyer, J., dissenting). A party asserting a good faith, soundly-based attempt to change an existing rule of law is not subject to attorney's fees under section 57.105. Parkway General Hospital, Inc. v. Stern, 400 So.2d 166 (Fla. 3d DCA 1981), disapproved on other grounds, Shands Teaching Hospital and Clinics, Inc. v. Smith, 497 So.2d 644 (Fla. 1986).
We reverse that provision of the order on appeal which assesses section 57.105 attorney's fees against appellants and remand for correction of the order.
REVERSED AND REMANDED.
GUNTHER, J., and RIVKIND, LEONARD, Associate Judge, concur.