SHARON S. WILLIAMS v. THE HILLHAVEN CORPORATION D/B/A MEDICENTERS OF AMERICA, INC., AND RONALD RIDDLE

No. 8721SC1159

(Filed 2 August 1988)

1. Master and Servant § 10.2— wrongful discharge in violation of public policy— statement of claim

Plaintiff's complaint stated a claim for wrongful discharge in violation of public policy where it alleged that defendants harassed and fired her from her job as a registered nurse supervisor at a nursing home because she testified at an unemployment compensation hearing on behalf of another employee who had been fired.

2. Master and Servant § 10— employment contract— consideration in addition to services— insufficient allegations— employment at will

Plaintiff failed to allege consideration in addition to services which would take her employment contract beyond employment at will where she alleged that she continued her education while working part-time as a nurse for defendant employer and that she assumed a full-time supervisory position after completing her education, but there was no allegation that plaintiff's continuation of her education was a condition of obtaining or maintaining full-time employment with defendant.

3. Master and Servant § 13— tortious interference with employment contract— insufficient allegations against non-outsider

Plaintiff's allegation that she was the only nurse defendant nursing home administrator had ever terminated because it was "not really his position to fire nurses" was insufficient to show that defendant's motives for procuring the termination of plaintiff's employment contract were not related to his business interest in the contract so as to render defendant, a non-outsider,

**Williams v. Hillhaven Corp.**

amenable to a claim for tortious interference with plaintiff's contract of employment.

**4. Appeal and Error §§ 39.1, 40— absence of summons from record—timeliness of filing record on appeal—motion to dismiss appeal**

Defendants' argument that the appeal should be dismissed for failure to include the summons in the record on appeal should have been addressed pursuant to a motion to dismiss under App. Rule 25, and defendants' argument that the appeal should be dismissed for failure to file a timely record on appeal should have been made under App. Rule 10(d).

APPEAL by plaintiff from *Freeman, Judge.* Order entered 6 July 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 April 1988.

This is an action for compensatory and punitive damages arising from plaintiff's discharge from employment as a registered nurse supervisor at Silas Creek Manor Nursing Home. Prior to her employment at Silas Creek Manor, plaintiff had been employed as a registered nurse for seven years.

Plaintiff was hired by Silas Creek Manor on or about 28 March 1979 in a part-time position. She attended school and worked part-time until December 1983. At that time she completed her education and was hired as a full-time registered nurse. In January 1984, she was promoted to supervisor, a position she held until 21 February 1986.

When she was hired by Silas Creek Manor, she was given an employee handbook which indicated that permanent employment was based upon work performance and substantial compliance with the handbook rules and guidelines. Plaintiff alleges that other employees confirmed that she could be discharged only for incompetence or serious infractions of the handbook rules. She further alleges that prior to 1986 she had never been advised by any of her superiors that her performance was inadequate or that she had violated any rules.

On or about 7 January 1986, plaintiff testified under subpoena at an unemployment compensation hearing on behalf of a nurse assistant who had been fired by Silas Creek Manor. The nurse assistant was awarded unemployment benefits. After the hearing, defendant Ronald Riddle, Administrator of Silas Creek Manor, became very hostile to plaintiff. He refused to allow her

to work overtime without prior approval (which he had permitted for six years), wrote her up for leaving blank spaces on her admission charts, and accused plaintiff of doing an improper admission (when she did not do the admission in question).

On 21 February 1986, plaintiff was fired for leaving medication at a patient's bedside. Prior to testifying at the unemployment compensation hearing, plaintiff had received only two written warnings for infractions. From 7 January 1986 until she was fired in February, she allegedly received at least three written warnings, harassment and close scrutiny by her supervisors, and was singled out for infractions that other personnel were allowed to commit.

Plaintiff instituted this action on 12 March 1987, for abusive discharge in violation of public policy, breach of employment contract, and malicious interference with the employment contract.

On 20 May 1987, defendants moved to dismiss the case under N.C.G.S. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. It was granted on 6 July 1987, and the case was dismissed with prejudice. From this judgment, plaintiff appeals.

*Kelly V. Hazlett, attorney for plaintiff-appellant.*

*Hutchins, Tyndall, Doughton & Moore, by H. Lee Davis, Jr., and Jackson, Lewis, Schnitzler & Krupman, by Gary R. Kessler and David L. Gordon, attorneys for defendant-appellees.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in dismissing plaintiff's claims for abusive discharge, breach of employment contract and tortious interference with a contract under N.C.G.S. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Under N.C.G.S. § 1A-1, Rule 12(b)(6), a complaint is deemed sufficient:

> where no insurmountable bar to recovery appears on the face of the complaint and the complaint's allegations give adequate notice of the nature and extent of the claim. Detailed fact pleading is not required. . . . A complaint should not be

dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. . . . In analyzing the sufficiency of the complaint, the complaint must be liberally construed.

*Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E. 2d 757, 758 (1987) (citation omitted). The trial court must treat the allegations of the complaint as true. *Harris v. Duke Power Co.*, 83 N.C. App. 195, 196, 349 S.E. 2d 394, 395 (1986), *aff'd*, 319 N.C. 627, 356 S.E. 2d 357 (1987), *citing Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976).

Plaintiff appeals the dismissal of three separate claims. Since she does not appeal dismissal of her claims for punitive damages against defendants Hillhaven and Riddle, we deem those claims abandoned.

I.

Wrongful Discharge in Violation of Public Policy.

[1] This tort was first recognized in this state in *Sides v. Duke University*, 74 N.C. App. 331, 328 S.E. 2d 818, *disc. rev. denied*, 314 N.C. 331, 335 S.E. 2d 13 (1985), where a nurse was fired after refusing to commit perjury in her testimony in a medical malpractice lawsuit. This Court held that although the employment contract between the nurse and Duke was terminable at will, no employer:

has the right to discharge an employee and deprive him of his livelihood without civil liability because he refuses to testify untruthfully or incompletely in a court case, as plaintiff alleges happened here. One of the merited glories of this country is the multitude of rights that its people have, rights that are enforced as a matter of course by our courts, and nothing could be more inimical to their enjoyment than the unbridled law defying actions of some and the false or incomplete testimony of others. If we are to have law, those who so act against the public interest must be held accountable for the harm inflicted thereby; to accord them civil immunity would incongruously reward their lawlessness at the unjust expense of their innocent victims.

*Id.* at 342-43, 328 S.E. 2d at 826. The Court thus created an exception to the general rule that an employee at will has no tort claim for retaliatory discharge, *Dockery v. Table Co.*, 36 N.C. App. 293, 244 S.E. 2d 272, *disc. rev. denied*, 295 N.C. 465, 246 S.E. 2d 215 (1978).

This Court has refused to extend the *Sides* exception in at least three cases. *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E. 2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 140 (1986) (in an action for intentional infliction of emotional distress plaintiffs were discharged because they allegedly were verbally abused and sexually harassed by their employer); *Trought v. Richardson*, 78 N.C. App. 758, 338 S.E. 2d 617, *disc. rev. denied*, 316 N.C. 557, 344 S.E. 2d 18 (1986) (plaintiff's wrongful discharge was allegedly for transferring two licensed practical nurses from the emergency room to comply with the State Nursing Practice Act); and *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E. 2d 79 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E. 2d 39 (1986) (plaintiff was allegedly fired for raising safety concerns).

Defendants are correct that plaintiff's claim is distinguishable from the facts in *Sides*. Plaintiff was not threatened in any way prior to her testimony at the unemployment compensation hearing. Neither was plaintiff encouraged to commit perjury on behalf of defendants, nor was she ever told not to testify.

However, taking the allegations in the complaint to be true as required by Rule 12(b)(6), the defendants in our opinion have violated the rationale of *Sides*. Although defendants did nothing to plaintiff before her testimony, they allegedly harassed and fired her after the fact because of her testimony. In effect, according to the complaint, they fired her for not committing perjury (as the plaintiff in *Sides* was told to do), even though they did not encourage her to do so. In *Sides* and the case *sub judice* the plaintiff, according to the complaint, was discharged from her employment for telling the truth. Thus, the plaintiff falls into the same narrow exception to the general rule (that an employee at will has no tort claim to retaliatory discharge) that *Sides* created.

The *Sides* court quoted at length from *Petermann v. International Brotherhood of Teamsters*, 174 Cal. App. 2d 184, 188-89, 344 P. 2d 25, 27 (1959).

The presence of false testimony in any proceeding tends to interfere with the proper administration of public affairs and the administration of justice. *It would be obnoxious to the interests of the state and contrary to public policy and sound morality to allow an employer to discharge any employee, whether the employment be for a designated or unspecified duration, on the ground that the employee declined to commit perjury, an act specifically enjoined by statute.* The threat of criminal prosecution would, in many cases, be a sufficient deterrent upon both the employer and employee, the former from soliciting and the latter from committing perjury. However, in order to more fully effectuate the state's declared policy against perjury, the civil law, too, must deny the employer his generally unlimited right to discharge an employee whose employment is for an unspecified duration, when the reason for the dismissal is the employee's refusal to commit perjury. *To hold otherwise would be without reason and contrary to the spirit of the law. The public policy of this state as reflected in the penal code sections referred to above would be seriously impaired if it were to be held that one could be discharged by reason of his refusal to commit perjury. To hold that one's continued employment could be made contingent upon his commission of a felonious act at the instance of his employer would be to encourage criminal conduct upon the part of both the employee and employer and would serve to contaminate the honest administration of public affairs.* This is patently contrary to the public welfare. The law must encourage and not discourage truthful testimony. The public policy of this state requires that every impediment, however remote to the above objective, must be struck down when encountered. (Emphasis added.)

*Sides*, 74 N.C. App. at 340, 328 S.E. 2d at 825.

Contrary to defendant's argument, *Petermann* is not an isolated case. The *Sides* Court cited eight cases from other states that recognize "a common law cause of action in tort for employees at will who are discharged for reasons that are in some way wrongful or socially undesirable." *Id.* at 340-41, 328 S.E. 2d at 825-26.

The North Carolina Legislature has recently enacted a cause of action for an identical claim to the case before us. Under N.C.G.S. § 96-15.1:

(a) No person may discharge, demote, or threaten any person because that person has testified or has been summoned to testify in any proceeding under the Employment Security Act.

(b) Any person who violates the provisions of this section shall be liable in a civil action for reasonable damages suffered by any person as a result of the violation, and an employee discharged or demoted in violation of this section shall be entitled to be reinstated to his former position. The burden of proof shall be upon the party claiming a violation to prove a claim under this section.

(c) The General Court of Justice shall have jurisdiction over actions under this section.

(d) The statute of limitations for actions under this section shall be one year pursuant to G.S. 1-54. (1987, c. 532, s. 1.)

Although this statute was not effective until 1 July 1987 (and therefore does not apply to the plaintiff), the public policy of the State is clear: a person who is discharged because of testifying at an Employment Security Act proceeding has a cause of action.

Plaintiff alleged sufficient facts in her complaint to avoid a dismissal under Rule 12(b)(6). She alleged that she was employed by defendant until 21 February 1986; that she was fired by defendants because she testified under subpoena on behalf of another employee at an unemployment compensation hearing on 7 January 1986; that the other employee did in fact receive unemployment compensation; that defendant Riddle became visibly upset, agitated and disturbed during plaintiff's testimony at the hearing; that defendant Riddle became even more hostile and harassed plaintiff after the hearing, citing several such incidents of alleged harassment; that prior to January 1986 plaintiff received only two written warnings for rule violations in almost six years of employment; and that defendant Riddle fired her only six weeks after her testimony at the unemployment compensation hearing.

Because these facts state a claim of wrongful discharge in violation of public policy as set forth in *Sides* we reverse the trial court in dismissing this cause of action and remand for a trial on the merits.

II.

Breach of Employment Contract.

[2] Plaintiff next argues that she had an enforceable employment contract because she gave additional consideration over and above her general services and duties. The additional consideration was completing her education before assuming a full-time supervisory position.

In *Tuttle v. Lumber Co.*, 263 N.C. 216, 139 S.E. 2d 249 (1964), the Court stated the general rule that "[w]here, however, the employee gives consideration in addition to his services, as where he relinquishes a claim for personal injuries or gives some other thing of value, a contract for permanent employment, or as long as the services are satisfactory, is not such an indefinite contract as to come within the rule." 263 N.C. at 219, 139 S.E. 2d at 251.

The Courts have found additional consideration sufficient to establish an employment contract in several cases. *Dotson v. Guano Co.*, 207 N.C. 635, 178 S.E. 100 (1935) (employee's relinquishment of personal injury claim was additional consideration); *Jones v. Light Co.*, 206 N.C. 862, 175 S.E. 167 (1934) (additional consideration where plaintiff agreed to "break a strike" for defendant in return for employment for at least ten years); and *Sides v. Duke University*, 74 N.C. App. 331, 328 S.E. 2d 818 (plaintiff's relocation from Michigan to Durham was additional consideration for assurances that she could be discharged only for incompetence).

As the Courts stated in *Tuttle* and in *Burkhimer v. Gealy*, 39 N.C. App. 450, 250 S.E. 2d 678, *disc. rev. denied*, 297 N.C. 298, 254 S.E. 2d 918 (1979), "employment contracts that attempt to provide for permanent employment, or 'employment for life,' are terminable at will by either party [unless there is special consideration in addition to services]." 39 N.C. App. at 454, 250 S.E. 2d at 682.

In the case *sub judice,* plaintiff alleges that she continued her education. "Plaintiff attended school for the next four years, and worked part-time. Upon completion of her schooling in December 1983, Plaintiff went to a full-time position."

Taking this allegation as true as required by Rule 12(b)(6), there is still no nexus on the face of the complaint to link that education as a condition of obtaining or maintaining full-time employment with defendant. In fact, in paragraphs 9 and 10 of her complaint, plaintiff alleges nothing more than employment at will contract.

We hold that this claim fails under Rule 12(b)(6) because of the "absence of fact sufficient to make a good claim." *Oates v. JAG, Inc.,* 314 N.C. 276, 278, 333 S.E. 2d 222, 224 (1985). The trial court committed no error.

III.

Tortious Interference with an Employment Contract.

**[3]**  Tortious interference with an employment contract has five elements:

> 1) a valid contract between the plaintiff and a third person which confers upon the plaintiff some contractual right against the third person, 2) the defendant knows of the contract, 3) intentionally induces the third person not to perform the contract, 4) and in so doing acts without justification, 5) resulting in actual damages to plaintiff.

*United Laboratories v. Kuykendall,* 87 N.C. App. 296, 308, 361 S.E. 2d 292, 299 (1987), *citing Childress v. Abeles,* 240 N.C. 667, 674, 84 S.E. 2d 176, 181-82 (1954), *reh'g denied,* 242 N.C. 123, 86 S.E. 2d 916 (1955).

In *Smith v. Ford Motor Co.,* 289 N.C. 71, 221 S.E. 2d 282 (1976), the Court stated that a person accused of tortious interference with a contract in this action must be an *outsider,* which "appears to connote one who was not a party to the terminated contract and who had no legitimate business interest of his own in the subject matter thereof." 289 N.C. at 87, 221 S.E. 2d at 292.

Williams v. Hillhaven Corp.

Plaintiff's complaint alleges that defendant Riddle acted as an agent of Hillhaven Corporation, but acted outside the scope of his employment. It appears that plaintiff is alleging that defendant Riddle is both a non-outsider and an outsider.

Although *Smith* also held that the "non-outsider status of a defendant was immaterial where the allegations in the complaint showed that defendants' motives for procuring the termination of the employment contract were not related to his business interest in the contract," *Sides v. Duke University*, 74 N.C. App. at 347, 328 S.E. 2d at 829, plaintiff's complaint still does not allege that Riddle's motives were not related to his own business interest in the contract. The fact alleging that plaintiff was the only nurse Riddle had ever terminated because it was "not really his position to fire nurses" is insufficient to meet the conditions of the rule set forth in *Smith.*

We hold that under Rule 12(b)(6), this claim fails because of the absence of sufficient facts and find no error by the trial court on this claim.

IV.

[4] Defendants' argument that the appeal should be dismissed for failure to include the summons in the record on appeal should have been addressed pursuant to a motion to dismiss under Rule 25 of the North Carolina Rules of Appellate Procedure. Further, defendants' argument that the appeal should be dismissed for failure to file a timely record on appeal should have been made under Rule 10(d) of the North Carolina Rules of Appellate Procedure. We have considered defendants' arguments, however, and find them to be without merit.

In conclusion, we find no error with the trial court's dismissal of plaintiff's claims for breach of contract and tortious interference with an employment contract.

We reverse and remand for a trial on the merits of plaintiff's claim for wrongful discharge in violation of public policy.

Affirmed in part, reversed and remanded in part.

Judges WELLS and PARKER concur.