552 So.2d 241 (1989)
Sandra JARVINEN, Appellant,
v.
HCA ALLIED CLINICAL LABORATORIES, INC., Appellee.
No. 88-2764.
District Court of Appeal of Florida, Fourth District.
November 1, 1989.
Certification Denied November 21, 1989.
Charles C. Powers of Charles C. Powers, P.A., West Palm Beach, for appellant.
Alexander D. DelRusso of Levy, Kneen, Boyes, Wiener, Goldstein & Kornfeld, P.A., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a final judgment dismissing appellant's complaint against appellee. We affirm.
Appellant, Sandra Jarvinen, filed a three-count complaint against Hospital Corporation of America, Rodney Dorsette, and appellee, HCA Allied Clinical Laboratories, Inc. Count I was the only count against appellee, HCA Allied Clinical Laboratories, Inc. and it alleged the following:

*242 13. That the Plaintiff's [Jarvinen's] employment with the Defendant, HCA ALLIED CLINICAL LABORATORIES, INC., was terminated at the direction of the Defendant, HOSPITAL CORPORATION OF AMERICA.
14. That the Plaintiff's employment with HCA ALLIED CLINICAL LABORATORIES, INC., was terminated in retaliation because the Plaintiff had testified as to facts which were true, but were perceived by the Defendants as detrimental to the Defendant's defense of the claims of Raul Romaguera, M.D.
15. That the termination of the Plaintiff's employment as a direct and proximate result of testimony under subpoena which was true, but perceived as detrimental, is in violation of the public policy of this state that witnesses testify truthfully and without coercion, intimidation, or threat of adverse consequences.
16. That the Defendants' actions were malicious with intent to harm and penalize the Plaintiff for actions of the Plaintiff which were compelled pursuant to law.
17. As a direct and proximate result, the Plaintiff has suffered loss of earnings and earning capacity in the past and in the future, great mental and emotional anxiety and distress, humiliation, embarrassment and loss of enjoyment of life.
WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, prejudgment interest on past loss of earnings, and costs on this action and further demands trial by jury on all issues so triable as of right.
The defendants filed a motion to dismiss, to strike, or for more definite statement as to all counts of the complaint. The trial court granted the motion to dismiss as to Count I by order dated August 3, 1988. A final judgment in favor of appellee, HCA Allied Clinical Laboratories, Inc., was then rendered by the trial court.
The Florida Supreme Court in DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253 (Fla. 1980), affirmed the Third District Court of Appeal's reasoning and decision in DeMarco v. Publix Super Markets, Inc., 360 So.2d 134, 136 (Fla. 3d DCA 1978), wherein the trial court's dismissal of a complaint for failure to state a cause was affirmed on the ground that 
The established law is that where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract. The employment agreement in the case at bar having been for an indefinite time, Publix could terminate DeMarco for any reason without incurring liability.
(Citations omitted.) The facts in DeMarco involved the discharge of an employee for failing to withdraw a personal injury lawsuit he filed on behalf of his daughter against his employer.
The parties to the case at hand agree that Jarvinen was an at-will employee of HCA. Applying the reasoning stated by the Third District and approved by the Florida Supreme Court in DeMarco, no action for discharge, retaliatory or otherwise, could be maintained against HCA. Also see Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983) (Florida does not recognize an exception to the at-will doctrine in the form of a common-law tort for retaliatory discharge) and Wynne v. Ludman Corporation, 79 So.2d 690 (Fla. 1955) (employee at-will could not maintain action against employer for breach of employment contract).
Those Florida cases that do exist on wrongful discharge from employment have consistently declined to recognize a cause of action for the retaliatory discharge of an at-will employee. See Ochab v. Morrison, Inc., 517 So.2d 763 (Fla. 2d DCA 1987), and Hartley v. Ocean Reef Club, Inc., 476 So.2d 1327 (Fla. 3d DCA 1985).
WALDEN and GUNTHER, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
*243 GLICKSTEIN, J., concurring specially.
I concur in the analysis and result and write in the hope that the Florida Supreme Court will speak to the issue, given the court's concern for the administration of justice.
As appellant's brief points out, other states have recognized a cause of action for retaliatory discharge for failure to give false testimony, including California, Petermann v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 396, 174 Cal. App.2d 184, 344 P.2d 25 (1959); North Carolina, Sides v. Duke University, 74 N.C. App. 331, 328 S.E.2d 818, rev. denied, 314 N.C. 331, 335 S.E.2d 13 (1985); and Washington, Roberts v. Atlantic Richfield Co., 88 Wash.2d 887, 568 P.2d 764, 770 (1977).
Her brief informs us that the same issue was considered by the courts of the District of Columbia and rejected by a divided court. Ivy v. Army Times Publishing Company, 428 A.2d 831 (D.C.App. 1981). An eloquent dissent in that case discusses the issues involved herein and the status of the law in the nation at that time  1981.
It further suggests that the tort of wrongful discharge in violation of public policy was first recognized in North Carolina in Sides v. Duke University where a nurse was fired after refusing to commit perjury in her testimony in a medical malpractice lawsuit. The North Carolina court held that although the employment contract between the nurse and Duke University was terminable at will, no employer has the right to discharge an employee without civil liability, and deprive him of his livelihood because he refuses to testify untruthfully or incompletely in a court case.
Appellant informs us that in a later case, Williams v. Hillhaven Corp., 91 N.C. App. 35, 370 S.E.2d 423 (1988), the North Carolina court considered a complaint remarkably similar to that involved in the case at hand. In Williams, the plaintiff was not threatened in any way prior to her testimony at an unemployment compensation hearing. Neither was the plaintiff encouraged to commit perjury on behalf of the defendants, nor was she ever told not to testify. However, she alleged after having testified in favor of the former employee claiming unemployment compensation and after having testified unfavorably to her employer, that she was wrongfully discharged for testifying in that manner. The North Carolina Court of Appeals in Williams noted that the case could have been factually distinguishable from the earlier Sides case, but held that the complaint nevertheless stated a cause of action under the same theory of law first enunciated in Sides.
The court in the Williams case quoted the following from Sides v. Duke University, 74 N.C. App. at 342-43, 328 S.E.2d at 826:
One of the merited glories of this country is the multitude of rights that its people have, rights that are enforced as a matter of course by our courts, and nothing could be more inimical to their enjoyment than the unbridled law defying actions of some and the false or incomplete testimony of others. If we are to have law, those who so act against the public interest must be held accountable for the harm inflicted thereby; to accord them civil immunity would incongruously reward their lawlessness at the unjust expense of their innocent victims.
Finally, appellant's brief observes that it should be noted the wrongful discharge exception involved in the Sides and Williams cases is the only judicially created common law exception to the at-will employment doctrine recognized in North Carolina. Since the Sides case, North Carolina has refused to extend the Sides exception in at least three cases  Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 340 S.E.2d 116, rev. denied, 317 N.C. 334, 346 S.E.2d 140 (1986) (where in an action for intentional infliction of emotional distress, plaintiffs were discharged because they allegedly were verbally abused and sexually harassed by their employer); Trought v. Richardson, 78 N.C. App. 758, 338 S.E.2d 617, rev. denied, 316 N.C. 557, 344 S.E.2d 18 (1986) (where plaintiff's *244 wrongful discharge was allegedly for transferring two licensed practical nurses from the emergency room to comply with the state nursing practice act); and Walker v. Westinghouse Electric Corp., 77 N.C. App. 253, 335 S.E.2d 79 (1985), rev. denied, 315 N.C. 597, 341 S.E.2d 39 (1986) (where plaintiff was allegedly fired for raising safety concerns).