629 So.2d 1022 (1993)
Lenoria WIGGINS, Appellant/Cross-Appellee,
v.
SOUTHERN MANAGEMENT CORPORATION, Appellee/Cross-Appellant.
No. 92-2841.
District Court of Appeal of Florida, Fourth District.
December 29, 1993.
Rehearing, Rehearing and Suggestion to Certify Denied January 26, 1994.
*1023 Isidro M. Garcia, Joseph A. Vassallo, P.A., Lake Worth, for appellant, cross-appellee.
Carla L. Brown, Honigman Miller Schwartz and Cohn, West Palm Beach, for appellee, cross-appellant.
Rehearing, Rehearing En Banc and Suggestion to Certify Denied January 26, 1994.
POLEN, Judge.
Lenoria Wiggins brings this appeal from an order that dismisses her complaint against her former employer, Southern Management Corporation ("Southern"), with prejudice. Southern cross-appeals from the trial court's denial of its prayer for attorney's fees under section 57.105, Florida Statutes (1991). We affirm both orders.
Southern owns and operates a Burger King franchise in Belle Glade, where appellant worked prior to her termination. Following her termination from Burger King, appellant filed a one-count complaint against Southern, wherein she alleged that Southern's termination of her employment was retaliatory in nature. Appellant further alleged that the termination occurred because appellant provided testimony adverse to Southern in an unemployment compensation hearing involving appellant's sister and that such termination violated section 92.57, Florida Statutes (1991). Southern filed a motion to dismiss the complaint, on which the trial court heard argument and then granted with prejudice. Subsequently, the trial court entered an "explanatory" order that dismissed the complaint with prejudice. In the latter order, the trial court stated that (1) appellant could not state a cause of action under section 92.57, as that statute limits the right of action for wrongful termination to those individuals who testify pursuant to a subpoena; and, (2) appellant could not state a common law cause of action either, because she was an employee at will. Appellee then filed a *1024 motion for attorney's fees under section 57.105, Florida Statutes, which the court denied.
Appellant argues that the trial court's dismissal of her complaint with prejudice violates public policy as reflected by the legislature's enactment of section 92.57, Florida Statutes (1991). Section 92.57, "Termination of employment of witnesses prohibited.-" provides:
A person who testifies in a judicial proceeding in response to a subpoena may not be dismissed from employment because of the nature of the person's testimony or because of absences from employment resulting from compliance with the subpoena. In any civil action arising out of a violation of this section, the court may award attorney's fees and punitive damages to the person unlawfully dismissed, in addition to actual damages suffered by such person.
Appellant asks this court to engage in a "reasonable construction" of section 92.57; she contends that this court should construe section 92.57 as an attempt by the legislature to encourage truthful testimony, whether compelled or uncompelled.
Appellee responds that section 92.57 does not afford appellant relief for two reasons: First, appellant is precluded from recovery under the section because she testified in an unemployment compensation hearing, as opposed to a trial or judicial hearing. Second, appellant testified voluntarily, not under subpoena, and the plain language of the statute reflects a legislative intent to protect individuals who testify under subpoena, as opposed to those who testify voluntarily. We reject appellee's first contention, but we are constrained to agree with the second.
Unemployment compensation hearings are held under the authority of the unemployment compensation appeals commission, which is a division of the Department of Labor and Employment Security. § 443.036(13), Fla. Stat. The latter department is an administrative agency, which is designated a part of the legislative branch of government. Notwithstanding, administrative agencies may perform quasi-judicial duties under the authority granted to them by the legislature. See Canney v. Board of Public Instruction, 278 So.2d 260 (Fla. 1973). Consequently, hearing officers in the unemployment compensation division (or appeals referees) serve as triers of fact and resolve evidentiary conflicts presented at the unemployment compensation hearings. See David Clark & Assoc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980). Further, if requested to do so, an appeals referee must issue a subpoena, where the witness is concerned that his testimony may result in a retaliatory employment termination. See O'Blenis v. Florida Dept. of Labor and Employment Security, 388 So.2d 1099 (Fla. 4th DCA 1980).[1] We hold that for purposes of section 92.57, an unemployment compensation hearing is a judicial proceeding.
Although appellant testified at a judicial proceeding, she does not dispute that she testified voluntarily on her sister's behalf; she did not testify under subpoena. Under the plain language of section 92.57, appellant is not entitled to relief. Where the terms of a statute are clear, definite and unambiguous, there can be no judicial interpretation or construction. See State v. Egan, 287 So.2d 1 (Fla. 1973). Under those circumstances, a court has no power to read or construe the statute in a manner that extends, modifies, or limits its express terms. See LaCentra Trucking v. Flagler Fed. Savings & Loan, 586 So.2d 474 (Fla. 4th DCA 1991). "Inference and implication" cannot be substituted for "clear expression." See Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 364 (Fla. 1977). Accordingly, we hold that the trial court correctly dismissed appellant's complaint with prejudice.
We do, however, find appellant's public policy argument compelling[2]. We can *1025 foresee other circumstances, apart from the instant case, where retaliatory termination stemming from testimony given at a judicial proceeding would effect a gravely unjust result. While we are mindful that knowledge of the law is imputed to members of the bar, we recognize that many unemployment appeals claimants are not represented by an attorney. In an effort to present their cases, pro se claimants carry the burden of obtaining evidence in their favor, including the securing of witnesses, if any, to testify in their behalf.[3] Without assistance of counsel, and hence equipped with the knowledge of the average lay person, ordinarily a pro se claimant has no one to advise her that she must request the appeals referee to issue a subpoena to a witness who would otherwise testify voluntarily. Furthermore, as in the instant case, the fact that the claimant is represented by counsel does not guarantee that a witness will be protected under section 92.57. A claimant's attorney owes no duty to the claimant's witnesses to advise them of potential retaliation from their employers and to secure subpoenas for them for their protection. Thus, for all practical purposes, section 92.57, as currently written, protects only those persons who are aware of its existence, which most frequently will be a witness himself represented by counsel.[4] As a result, we would encourage the legislature to revisit this issue to determine whether the requirement of a subpoena is necessary to effect the legislative intent behind section 92.57.
As to appellee's cross-appeal, we affirm the trial court's denial of appellee's prayer for attorney's fees brought under section 57.105, Florida Statutes. We disagree with appellee's contention that appellant's claim was frivolous, i.e., that there was a complete absence of a justiciable issue of law or fact, so as to entitle appellee to attorney's fees under this section. In Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982), the supreme court defined a frivolous claim, in part, as "one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed." Id. at 505. This court has recognized the validity of permitting good faith efforts to change existing law and has not characterized such actions as frivolous. See Jones v. Charles, 518 So.2d 445 (Fla. 4th DCA 1988). In Jones, this court held that "[a] party asserting a good faith, soundly-based attempt to change an existing rule of law is not subject *1026 to attorney's fees under section 57.105." Id. at 446. We cannot think of a more fitting example of a good faith attempt to change existing law, grounded on solid public policy considerations, than the one at bar. Accordingly, we affirm the trial court's denial of appellee's prayer for attorney's fees.
HERSEY and PARIENTE, JJ., concur.
NOTES
[1] We agree with appellee's assertion that appellant had the option to request that the appeals referee issue a subpoena to her prior to her appearance at the hearing. This simple procedural tactic would have afforded her section 92.57 protection.
[2] We agree that there is a public policy interest to secure truthful testimony in all judicial proceedings. Ideally, no one should have to fear retaliatory employment termination as the result of their testimony. We note, however, that prior to the legislature's enactment of section 92.57 in 1990, there was no law in Florida to protect individuals who testified against their employer's interests, whether or not their testimony was obtained by subpoena. As such, section 92.57 takes a step in the right direction.
[3] We can certainly recognize that one who testifies under subpoena must be protected from retaliatory employment termination, because they are (presumably) coming to the claimant's aid involuntarily. As a result, it can ultimately only assist triers of fact in their truth-seeking endeavors to have section 92.57. If in fact a person is subjected to retaliatory employment termination after giving testimony under subpoena, they now have an action at law. However, there is something very troublesome about providing no protection or remedy to one who testifies willingly, without subpoena, with the sole interest of aiding a friend or relative, or because they perceive that they are "doing the right thing."
[4] Florida does not recognize an exception to the at-will doctrine in the form of a common-law tort for retaliatory discharge from employment. See Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983). Thus, "where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract." DeMarco v. Publix Super Markets, 360 So.2d 134 (Fla. 3d DCA 1978), aff'd, 384 So.2d 1253 (Fla. 1980); see also Wynne v. Ludman Corp., 79 So.2d 690 (Fla. 1955). This court relied on DeMarco in Jarvinen v. HCA Allied Clinical Lab., 552 So.2d 241 (Fla. 4th DCA 1989), wherein it held that because Jarvinen was an employee at will, she had no recourse against HCA after HCA fired her for adversely testifying against its interests. Indeed, had Jarvinen been decided after the enactment of section 92.57, the result therein would have been different, because Ms. Jarvinen testified under subpoena. Appellant claims that section 92.57 repudiates this court's decision in Jarvinen v. HCA Allied Clinical Laboratories, 552 So.2d 241 (Fla. 4th DCA 1989). Nevertheless, when the legislature "repudiated" the Jarvinen decision, it did so only to the extent that it sought to protect those who testify under subpoena. Its enactment still does not address appellant's plight. For all we know, Judge Glickstein's concurring opinion in that case, while addressed to the supreme court, may have been the catalyst for the legislature's enactment of section 92.57.