Jose E. LOZANO, Plaintiff,

v.

MARRIOTT CORPORATION, Defendant.

No. 93–4–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Feb. 28, 1994.

Jim D. Shumake, Law Office of Jim Shumake, Naples, FL, for plaintiff.

Julienne W. Bramesco, Marriott Corporation Law Dept., Bethesda, MD, Albert W. Miller, III, Vernis & Bowling of Central Florida, P.A., DeLand, FL, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Defendant's motion for summary judgment on breach of contract claim, filed December 14, 1993, and response thereto, filed February 7, 1994.

This cause arose in the Circuit Court, 12th Judicial Circuit of Collier County by the Plaintiff, Jose E. Lozano, against Defendant, Marriott Corporation, alleging wrongful termination and promissory estoppel. The cause was removed to the United States District Court for the Middle District of Florida by order dated January 8, 1993, pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction.

## STANDARD OF REVIEW

A motion for summary judgment should only be entered where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Additionally, the United States Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that the plain language of Rule 56(c), Fed.R.Civ.P., mandates summary judgment after: "adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial." Id. at 323, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. The Supreme Court also held that the nonmoving party must go beyond the pleadings, pursuant to Rule 56(e), in establishing whether there are specific facts showing there is a genuine issue for trial. Id. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

## FINDINGS OF FACT

Defendant moves for summary judgment on the wrongful termination and promissory estoppel claims. The following facts are relevant to the disposition of the pending motion:

1. Plaintiff was employed by Marriott Marco Island Resort from November of 1987 to May 19, 1992. He was hired as a kitchen steward, whose duties included general food preparation and cleaning. On or about February 9, 1988, Plaintiff was furnished with a copy of the Marriott Corporation Employee Handbook ("Handbook"). The Handbook was in his native language of Spanish. The English translation of the Handbook contains the following:

The contents of this handbook are presented as a matter of information only and are not to create, nor are they to be construed

to constitute a contract, express or implied, between Marriott Corporation and its hotel or any of its associates.

The hotel reserves the right to modify, change, disregard, suspend or cancel at anytime without written or verbal notice, all or any part of the handbook's contents as circumstances may require. (Handbook at p. 2)

2. On May 19, 1992, Plaintiff was discharged based on allegations of misconduct. Specifically, the allegations entailed complaints by one or more female employees of sexual harassment. The Plaintiff denies the allegations.[1]

3. Plaintiff asserts that the discharge was in violation of the policies and procedures set forth in the Handbook regarding discipline and discharge.

## DISCUSSION

Defendant contends that the law, applied to the undisputed material facts, demonstrates there is no genuine issue of material fact in dispute, and as such the Defendant is entitled to summary judgment. The Plaintiff maintains he was wrongfully discharged in violation of an employment contract of "indefinite duration." (Complaint ¶ 4).

■ In Florida there is a explicit distinction between contracts for employment of definite and indefinite duration. A contract for employment of indefinite duration is terminable at the will of either party, and as such an action for wrongful termination will not lie. *Lurton v. Muldon Motor Co.,* 523 So.2d 706 (Fla. 1st DCA 1988), citing *DeMarco v. Publix Super Markets, Inc.,* 360 So.2d 134 (Fla. 3rd DCA 1978), *aff'd,* 384 So.2d 1253 (Fla.1980). Furthermore, unless prohibited by contractual language, the employee will not have an action for wrongful termination. *Jarvinen v. HCA Allied Clinical Lab., Inc.,* 552 So.2d 241 (Fla 4th DCA 1989).

■ Plaintiff alleges that his discharge was in violation of the progressive discipline policy in the Handbook. The pertinent portion reads as follows:

An associate can so be discharged if he/she violates any of the following rules, which are such serious breaches of responsibility to the company that no prior warnings are required. (The rules and regulations listed herein are not all inclusive); . . . serious misconduct is listed as one of the rules for immediate termination. (Handbook p. 16)

Specifically, Plaintiff alleges that Defendant "received uncorroborated information that Jose E. Lozano was inflicting sexual harassment on a female co-employee" and "willfully refused to carefully consider the facts and circumstances surrounding this alleged incident." (Complaint, ¶ 9). These allegations, even when viewed in the light most favorable to the Plaintiff, do not give rise to a cause of action for wrongful discharge under the applicable Florida law.

In a similar case before this Court, summary judgment was granted in favor of the defendant employer after rejecting, as a matter of law, the plaintiff's argument that the contents of an employment manual were incorporated by reference into the terms of the written employment contract. *Olsen v. Allstate Insurance Co.,* 759 F.Supp. 782 (M.D.Fla.1991). In *Olsen,* this Court stated "that the allegations concerning the existence and effect of handbooks, procedure manuals, etc., are neither legally relevant nor sufficient to change the contract from one of termination at will unless the plaintiff can assert a particular provision of the contract itself which converts the term." *Id.* at 787. In this cause, Plaintiff has failed to allege the existence of an express or written contract of employment, much less a term which converts the Handbook into a term of definite employment, thereby requiring the employer to terminate the employment relationship only for cause.

Plaintiff cites the Court to *Chatelier v. Robertson,* 118 So.2d 241 (Fla. 2d DCA 1960), however this case is inapplicable to the cause at bar. In *Chatelier,* a contract for an indefinite term of employment was found to be terminable for cause because there was consideration flowing from both the employer to the employee. (Where defendant promised

---

1. In viewing the motion in the light most favorable to the Plaintiff as the nonmoving party, the Court for the purposes of this motion will accept the Plaintiff's denial.

to employ plaintiff so long as plaintiff shall live, in consideration of, among other things, plaintiff selling his business to defendant.) This case recognized a limited exception to Florida's general rule of at-will employment. Plaintiff appears to be relying on *Chatelier* to suggest that Marriott's progressive discipline policy provided the necessary consideration for a contractual employment relationship. The Court cannot agree with this analysis. There is no consideration in the cause before this Court such as existed in *Chatelier*.

■ Plaintiff's attempt to incorporate the contents of the Handbook into the terms of an employment contract governing the rights and the obligations of the parties is without merit and contrary to applicable Florida law. Insofar as Plaintiff's employment was for an indefinite period, and as such terminable at-will, whether Marriott complied with its own internal procedures and performed a proper investigation of the allegations of sexual harassment is not relevant for the purposes of summary judgment. *Martin v. Baer*, 928 F.2d 1067 (11th Cir.1991).

Count II of Plaintiff's complaint relies on the principle of promissory estoppel in order to enforce the "progressive discipline" provision of the Marriott employee Handbook. However, Plaintiff fails to satisfy the basic elements of promissory estoppel set forth in the Restatement (Second) of Contracts § 90 (1979), which states:

(1) A promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee or a third person and which does induce action or forebearance on the part of the promisee or a third person is binding if injustice can be avoided only by enforcement of the promise.

■ For promissory estoppel to be applicable, the evidence must be clear and convincing and show a substantial inducement that would justify the application of this principle. *W.R. Grace and Co. v. Geodata*, 547 So.2d 919 (Fla.1989). In this cause there has been no showing or allegation of an inducement, substantial or otherwise, that would justify the application of promissory estoppel. Additionally, mere expectations based on oral representations regarding future rights of

parties to a contract, specific in its written terms, has been held insufficient to support a cause of action. *Id.*, citing *Smith v. Piezo Technology and Professional Administrators*, 427 So.2d 182 (Fla.1983).

## CONCLUSION

Because the Court has found that there exists no genuine issue as to any material fact regarding the nature of the employment relationship between Plaintiff and Defendant, the Defendant is entitled to Summary Judgment as a matter of law. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment be (Docket No. 23–24), **GRANTED,** and the Clerk of the Court be **DIRECTED** to enter judgment for Marriott Corporation pursuant to this order.

**DONE AND ORDERED.**