660 So.2d 410 (1995)
CARNIVAL LEISURE INDUSTRIES, LTD., Appellant,
v.
Robert HOLZMAN, Appellee.
No. 94-1917.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
*411 James E. Tribble and Stephen G. York of Blackwell & Walker, P.A., Miami, for appellant.
Phyllis Pritcher, Fort Lauderdale, for appellee.
GUNTHER, Chief Judge.
Appellant, Carnival Leisure Industries, Ltd. (Carnival), appeals an order granting the appellee's motion for attorney's fees pursuant to section 57.105, Florida Statutes (1993). Because we find that Carnival engaged in a good faith effort to change an existing rule of law, we reverse.
In December 1992, Carnival extended the appellee, Robert Holzman (Holzman), a credit line of $25,000 for gambling use at Carnival's Crystal Palace Resort and Casino in the Bahamas. Thereafter, Holzman executed eight checks payable to Carnival for repayment of the aforementioned loan. When Carnival attempted to negotiate the checks, however, the checks were returned for insufficient funds.
Although gambling contracts have long been held invalid in Florida, Carnival had previously filed a number of suits seeking the collection of various gambling debts against other defendants. Carnival argued that Florida's public policy had changed as reflected by voter approval of a statewide lottery in 1986. A trial court in Dade county agreed with Carnival and ruled that such debts could form the basis of a lawsuit. See *412 Froug v. Carnival Leisure Indus., Ltd., 627 So.2d 538 (Fla. 3d DCA 1993).
Following this favorable trial court ruling, in July of 1993, Carnival filed suit against Holzman for collection of the gambling debt. In November 1993, subsequent to the commencement of the instant action, two of the prior suits reached the appellate courts and this court and the Third District issued opinions in Carnival Leisure Industries, Ltd. v. Herman, 629 So.2d 882 (Fla. 4th DCA 1993), and Froug v. Carnival Leisure Industries, Ltd., 627 So.2d 538 (Fla. 3d DCA 1993), respectively. In both Froug and Herman, the courts reiterated the well established rule that foreign gambling obligations, although valid where created, are unenforceable in Florida pursuant to section 849.26, Florida Statutes (1993). Subsequently, in January 1994, after Holzman filed his answer and affirmative defenses, Carnival voluntarily dismissed the instant action.
Following the voluntary dismissal, Holzman moved for an award of attorney's fees pursuant to section 57.105(1), Florida Statutes (1993). Basically, Holzman argued that because foreign gambling debts have consistently been held to violate both the state's public policy and section 849.26, Carnival's complaint failed to present a justiciable issue of law or fact and was therefore frivolous. Ultimately, the trial court agreed and entered an order granting Holzman's motion for attorney's fees.
Section 57.105(1), Florida Statutes (1993), provides for a reasonable attorney's fee award where the court finds a complete absence of a justiciable issue. The purpose of this statute is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing the price tag of attorney's fee awards on the losing parties. Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla. 1982), receded from in part on other grounds, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). In order to find a complete absence of a justiciable issue, the suit or defense must be so clearly devoid of merit both on the facts and the law as to be completely untenable. Id.; Lambert v. Nelson, 573 So.2d 54 (Fla. 1st DCA 1990).
The frivolousness of a claim is measured when the claim is initially presented. As this court stated:
... the frivolousness of a claim (or, for that matter, of a defense) is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim (or the defense) to be without justiciable issue in law or fact should not subject the losing party to the price tag of bearing the other party's attorney's fees by virtue of an award under Section 57.105, Florida Statutes (1981).
Klein v. Layne, Inc. of Fla., 453 So.2d 203, 205 (Fla. 4th DCA 1984); see also Mitchell v. Schindler Haughton Elevator Co., 587 So.2d 636 (Fla. 3d DCA 1991); Solimando v. Aloha Medical Ctr., 594 So.2d 850 (Fla. 2d DCA 1992). Thus, not every litigant who voluntarily dismisses a case is subject to the sting of attorney's fees pursuant to section 57.105. See generally Fairview Properties, Inc. v. Pate Constr. Co., Inc., 638 So.2d 998 (Fla. 4th DCA 1994). Moreover, it has been repeatedly held that a party's good faith efforts to change existing law does not render an action frivolous. Muckerman v. Burris, 553 So.2d 1300 (Fla. 3d DCA 1989), rev. denied, 567 So.2d 435 (Fla. 1990); Wiggins v. Southern Management Corp., 629 So.2d 1022 (Fla. 4th DCA 1993). Specifically, in Jones v. Charles, 518 So.2d 445, 446 (Fla. 4th DCA 1988), this court held "[a] party asserting a good faith, soundly-based attempt to change an existing rule of law is not subject to attorney's fees under section 57.105."
In the instant case, at the time Carnival filed its complaint in this case, another trial court had ruled in Carnival's favor on the same issue and allowed recovery of the debt. However, the issue on appeal is not whether gambling contracts are enforceable in Florida but, rather, whether Holzman is entitled to attorney's fees under section 57.105 on the grounds that the suit was frivolous. At trial, Carnival attempted a good faith, soundly-based effort to change the existing law regarding the enforcement of gambling debts. Carnival, in both Froug v. Carnival Leisure Industries, Ltd., 627 So.2d 538 (Fla. 3d DCA 1993), and Carnival *413 Leisure Industries, Ltd. v. Herman, 629 So.2d 882 (Fla. 4th DCA 1993), as well as in the instant case, argued that the public policy of Florida has changed since the time section 849.26 was first passed. In the Froug case, which was filed previous to the instant action, the circuit court judge found this argument persuasive and entered judgment in favor of Carnival. Such a determination is evidence that Carnival's identical claim in the instant case had "arguable substance." As explained by this court:
[W]here a party wins a judgment or ruling in the lower tribunal and is appealed, and where that party is unsuccessful on appeal, the appellate court could not award section 57.105 fees to the successful appellant. That is because, as a matter of law, the appellee's position contained a justiciable issue of law or fact. The judgment of the trial court carries with it a presumption of correctness. [citations omitted].
Coral Springs Roofing Co., Inc. v. Campagna, 528 So.2d 557, 558 (Fla. 4th DCA 1988).
Furthermore, when Carnival filed the complaint in the instant case, no appellate decision had been rendered squarely addressing the "change in public policy" argument. After the Third District and this court addressed this argument in Froug and Herman, Carnival voluntarily dismissed the instant action. Therefore, when the instant complaint was filed, which was after the Dade trial court ruled in Carnival's favor but before the appellate court's addressed the issue, Carnival possessed a good faith, soundly-based and unaddressed argument that Florida's public policy had changed. Thus, the trial court erred in granting Holzman's motion for attorney's fees pursuant to section 57.105. See Carnival Leisure Indus., Ltd. v. Arviv, 655 So.2d 177 (Fla. 3d DCA 1995).
Accordingly this case is reversed and remanded with directions to the trial court to vacate the order awarding Holzman attorney's fees pursuant to section 57.105.
REVERSED AND REMANDED.
STONE and FARMER, JJ., concur.