PER CURIAM.
Appellant, M. Ross Shulmister, appeals orders of the trial court awarding appellee, Daniel Yaffe, attorney’s fees for litigating the amount of § 57.105 fees he was awarded for defending against this defamation action brought unsuccessfully by appellant, the plaintiff below. We reverse because § 57.105 provides a remedy only in cases in which the plaintiffs complaint is completely untenable.
Here, although the trial court ruled that the plaintiffs offer of proof was not sufficient to overcome the motion for summary judgment, there was not a complete absence of a justiciable issue of either law or fact raised by the complaint to merit an award of attorney’s fees pursuant to section 57.105 (1997). See Read v. Taylor, 832 So.2d 219, 222 (Fla. 4th DCA 2002) (“An award of attorney’s fees is not appropriate as long as the complaint alleges some justifiable issue.”); Vasquez v. Provincial South, Inc., 795 So.2d 216 (Fla. 4th DCA 2001) (requiring the complete absence of a justifiable issue of law or fact raised by the plaintiff in the action in order to assess attorney’s fees); Weatherby Associates, Inc., v. Ballack, 783 So.2d 1138, 1141 (Fla. 4th DCA 2001) (“Attorney’s fees are awarded under section 57.105(1), Florida Statutes, where there is a total or absolute lack of justiciable issues of either law or fact, this tantamount to a finding that the action is frivolous or completely untenable.”); Carnival Leisure Industries, Ltd. v. Holzman, 660 So.2d 410 (Fla. 4th DCA 1995) (holding that frivolousness is measured when the claim or defense is initially presented).
Accordingly, we reverse the trial court’s order granting § 57.105 fees to appellee. In addition, we also reverse those sections of the trial court’s order awarding appellee costs involved in litigating the § 57.105 fees.

Reversed.

STEVENSON, C.J., TAYLOR and HAZOURI, JJ., concur.