SANDERLIN, Judge.
Appellants (the Caurants) bring this appeal from a summary judgment entered in favor of appellee (the City) in the Caurants’ action for personal injuries. We reverse.
Margaret Caurant was walking on the sidewalk next to the intersection of Marion Avenue and Tampa Street in Punta Gorda. She tripped and fell over an elevation in the sidewalk and was injured. The question before us is whether there was a factual issue as to which governmental entity — the City of Punta Gorda or Florida Department of Transportation — had maintenance responsibility for the sidewalk where appellant was injured. At the hearing on the motion for summary judgment, counsel for the City stated that the parties were at odds on the question of who was responsible for the maintenance, control, and ownership of the surrounding sidewalk area where Mrs. Caurant fell.
By its answers to nine separate interrogatories, the City initially acknowledged control of the accident site. Several months thereafter, the City asserted for the first time through an amendment to the answer to one of the interrogatories that the Department of Transportation exercised control over the site. John R. Knight, an employee of the Department of Insurance, Division of Risk Management, wrote a letter advising that the location of the accident was outside the jurisdiction of the Department of Transportation. While at his deposition Mr. Knight said he had no specific recollection of the letter, he indicated that he would have obtained the information with which to write it from the maintenance agreements and other records of the Department of Transportation. The foregoing matters were sufficient to create a genuine issue of material fact as to whether the City had responsibility for the maintenance of the sidewalk at the time Caurant sustained her injuries. Thus, summary judgment was improper. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Accordingly, we reverse the summary judgment and remand the case to the trial court for further proceedings.
GRIMES, A.C.J., and FRANK, J., concur.