ALTENBERND, Acting Chief Judge.
Vera Forcier appeals a final summary judgment in favor of the City of St. Peters-burg. We reverse.
Ms. Forcier sued the City, alleging that on December 20, 1995, she tripped and fell on a sidewalk adjacent to 4th Street North. She claimed that the sidewalk was in disrepair and that the City had a duty to maintain it. Discovery revealed that the accident occurred near the intersection of 4th Street North and 2nd Avenue. As a result, the City filed a motion for summary judgment asserting that the relevant portion of 4th Street North is maintained by the Department of Transportation as State Road 687. In support of the motion, the City did not file an affidavit from the Department of Transportation acknowl *36 edging its obligation to maintain the sidewalk at issue, but instead filed an affidavit of the City’s Assistant Director of Engineering stating that “based upon established Department of Transportation policy,” the sidewalk was maintained by the Department and not the City. The City filed no formal documents establishing a transfer of responsibility from the City to the Department, although it is likely that such documentation exists. See generally § 335.04(1), Fla. Stat. (1993).
Ms. Forcier maintained that the City’s affidavit was insufficient to permit the entry of a summary judgment. The trial court disagreed and entered an order granting summary judgment. Before the trial court entered a final summary judgment, Ms. Forcier filed a motion for relief from the order along with a letter from the Department declining to admit responsibility for the specific section of sidewalk.
We are inclined to believe that Ms. Former's counsel should have responded on a more timely basis to the issue raised by the motion for summary judgment. Nevertheless, the circumstances of this case are very similar to those in Caurant v. City of Punta Gorda, 501 So.2d 701 (Fla. 2d DCA 1987). In Caurant, this court reversed a summary judgment in favor of a city because it was unclear whether that city or the Department had the responsibility to maintain a sidewalk. The City’s affidavit is insufficient to resolve this issue in its favor as a matter of law. Unless both governmental entities can stipulate that one of them is responsible to maintain this portion of the sidewalk, it will be necessary for both entities to be joined in the lawsuit. Otherwise, Ms. Forcier could fall again — this time in the gap between the conflicting judgments entered in two separate lawsuits.
Reversed and remanded.
GREEN and SALCINES, JJ„ Concur.