795 So.2d 216 (2001)
Justo VASQUEZ, Appellant,
v.
PROVINCIAL SOUTH, INC. d/b/a P.S.I. Roofing, a Florida corporation, Appellee.
No. 4D00-4321.
District Court of Appeal of Florida, Fourth District.
September 26, 2001.
*217 Hiram M. Montero of Montero, Finizio & Velasquez, P.A., Fort Lauderdale, for appellant.
Deborah A. DeNike of the Law Offices of J. Robert Miertschin, Jr., Hollywood, for appellee.
PER CURIAM.
Justo Vasquez ("Vasquez") appeals the trial court's award of attorney's fees in favor of PSI, Roofing, Inc., ("PSI") under Section 57.105 of the Florida Statutes. See § 57.105, Fla. Stat. (2000).
This case arose after the Appellant was seriously injured in a construction site accident when he fell from a roof while operating a roof sweeping machine. At the time of the accident the Appellant was employed by J.S.R. Enterprises ("JSR"), a subcontractor of PSI. As a result of the accident, the Appellant successfully pursued a worker's compensation claim against JSR. After conclusion of this claim, the Appellant filed the underlying action against PSI alleging negligence.
PSI filed a Verified Motion to Dismiss and/or Motion to Strike Plaintiffs Complaint as a Sham Pleading alleging that section 440.11 clearly barred the Appellant's recovery. In response, the Appellant asserted that his claim was based upon the decision in Lowry v. Logan, 650 So.2d 653, 655 (Fla. 1st DCA 1995), and urged the trial court to adopt a reading of section 440.11 that would apply only when a contractor sublets part of the contract, not all of it.
After a hearing on the matter, the trial court granted PSI's motion to dismiss. Thereafter, PSI filed a motion to tax costs and fees, along with supporting affidavits, claiming that PSI was entitled to costs and fees under section 57.105, Florida Statutes, because the Appellant knew, or should have known that the claim was barred by statute.
After the hearing, the trial court issued an order granting PSI's motion for fees and costs, but denying apportionment of one-half of this amount to the Appellant's attorneys. Pursuant to a subsequent hearing as to amount only, the trial court awarded $8,160 in fees and costs against the Appellant. From this order the instant appeal was taken.
On appeal, the Appellant advances essentially three arguments. First, the trial court's order lacks express findings of fact and therefore must be reversed. Second, the Appellant argues that his cause of action was a good-faith attempt to advance *218 a novel question of law. Because we find merit in the Appellant's first two arguments we need not address the third argument.
"Attorney's fees are awarded under section 57.105 ... where there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable." Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1141 (Fla. 4th DCA 2001) (citing Muckenfuss v. Deltona Corp., 508 So.2d 340, 341 (Fla. 1987)). Section 57.105 requires an explicit finding by the trial court that there was a complete absence of a justiciable issue of law or fact raised by the plaintiff in the action. See Broad & Cassel v. Newport Motel, Inc., 636 So.2d 590 (Fla. 3d DCA 1994)(citing Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 506 (Fla.1982)). There must be a finding on record, supported by substantial competent evidence, in order for the trial court to award attorney's fees and costs. See Valdes v. Lovaas, M.D., 784 So.2d 474 (Fla. 3d DCA 2001).
Although we are mindful that the Legislature's 1999 amendment to section 57.105 expanded the availability of fees and costs, we do not find the limited facts in the context of the instant appeal bring this case within the scope of the amendments. See Weatherby, 783 So.2d at 1142.
As this Court opined in Weatherby, the principal expansion of section 57.105 refocused the time for measurement of frivolity from merely the inception of the action, to the entire pendency of the case. See id. (allowing the recovery of fees and cost for failure to discharge a party when it becomes evident that there is no longer a justiciable claim or defense).
Unlike Weatherby, which revolved around the failure to discharge a party after the discovery of further evidence during the course of the litigation, the instant appeal focuses on the Appellant's good faith attempt to advance a novel question of law. As such, Weatherby's logic does not contemplate the chain of events before this Court. See id. at 1141-42.
"The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities." Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982). Florida favors access to the courts and has interpreted section 57.105 to provide a remedy only where the plaintiffs complaint is completely untenable. An award of attorney's fees is not appropriate as long as the complaint alleges some justiciable issue. Boyce v. Cluett, 672 So.2d 858, 861 (Fla. 4th DCA 1996). "[A] party's good faith efforts to change existing law does not render an action frivolous." Carnival Leisure Indus., Ltd. v. Holzman, 660 So.2d 410, 412 (Fla. 4th DCA 1995). Where a party asserts a good faith attempt to change an existing rule of law, that party is not subject to attorney's fees under section 57.105. See Jones v. Charles, 518 So.2d 445 (Fla. 4th DCA 1988).
Based on the above-cited authority we agree with the Appellant that the trial court erred by failing to make specific findings that the Appellant's claim was frivolous and completely untenable.
Regarding the Appellant's good faith attempt to advance a novel question of law, the Appellant's claim and his supporting argument were based upon alleged inconsistencies among definitions within the section which, if Appellant's interpretation were adopted, would have allowed recovery notwithstanding his successful pursuit *219 of a worker's compensation claim. While we do not consider the merits of the Appellant's interpretation, we conclude that the argument upon which the claim was based was made as a good faith attempt to change existing law. As such, it may not be said that the claim was frivolous or completely untenable.
Moreover, in accord with the notion that Florida's courts must be open and freely accessible to all plaintiffs with colorable claims, we reject any view which would hinder justice and bar from the courthouse all those plaintiffs who fear taxation for the exercise of their rights. We decline to bar claims, such as the Appellant's, that attempt to redefine and legitimately extend the law. Therefore, given the narrow facts of this case, we conclude that the Appellant's argument was a good faith effort to extend the law by relying on an arguably reasonable interpretation of a statute.
REVERSED.
GUNTHER, WARNER, JJ., and STREITFELD, JEFFREY E., Associate Judge, concur.