853 So.2d 489 (2003)
Maria MUNOZ and Rafael Munoz, Appellants,
v.
CITY OF MIAMI, a political subdivision of the State of Florida, Miami-Dade County, a political subdivision of the State of Florida, City of Miami Parking Systems, a political subdivision of the State of Florida, and City of Miami Off-street Parking Authority, a political subdivision of the State of Florida, Appellees.
No. 3D02-1457.
District Court of Appeal of Florida, Third District.
July 23, 2003.
Order on Rehearing and Clarification September 3, 2003.
*490 Beckham & Beckham and Robert J. Beckham, Jr., Miami, for appellants.
Charles J. Crist, Jr., Attorney General, and Charles M. Fahlbusch, Assistant Attorney General, (Ft.Lauderdale), for appellee Florida Department of Transportation.
Before COPE, FLETCHER, and WELLS, JJ.
PER CURIAM.
The plaintiffs below, Maria Munoz and Rafael Munoz, appeal an order granting attorney's fees in favor of the defendant, Department of Transportation (DOT), pursuant to section 57.105, Florida Statutes (2003). We reverse.
Mrs. Munoz claimed to have tripped on a piece of metal protruding from the sidewalk on a Miami street. She and her husband sued a number of government entities including DOT, for the injuries sustained. DOT denied responsibility from the start, and eventually submitted an affidavit to that effect. However Mrs. Munoz did not voluntarily dismiss DOT from the lawsuit until the day after the deposition of DOT's representative, only hours before DOT's motion for summary judgment was to be heard. Thereafter, DOT sought and was awarded some $6,046.00 in section 57.105 fees.
We agree with the appellants that with no government agency admitting its responsibility to maintain the sidewalk at issue, the decision to bring DOT into, and to keep DOT in, the case did not justify the award of 57.105 fees. See Forcier v. City of St. Petersburg, 732 So.2d 35, 36 (Fla. 2d DCA 1999)(observing that a city's affidavit denying liability was insufficient to resolve issue as a matter of law, and concluding "[u]nless both governmental entities can stipulate that one of them is responsible to maintain this portion of the sidewalk, it will be necessary for both entities to be joined in the lawsuit. Otherwise, [plaintiff] could fall againthis time in the gap between the conflicting judgments entered in two separate lawsuits"); see also Read v. Taylor, 832 So.2d 219, 222-23 (Fla. 4th DCA 2002); Vasquez v. Provincial South, Inc., 795 So.2d 216, 218 (Fla. 4th DCA 2001)(the purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities).
Accordingly, the order under review is reversed.

ON REHEARING AND MOTION FOR CLARIFICATION
PER CURIAM.
Appellee Department of Transportation's motion for rehearing and clarification of this court's opinion of July 23, 2003 is granted. That opinion observes: "DOT sought and was awarded some $6,046.00 in section 57.105 fees." The $6,046.00 figure actually represents $5,250.00 in 57.105 fees and $796.00 in "recoverable costs." Thus, this court's opinion reversing the award of 57.105 fees should have reflected the $5,250.00 amount.
As to costs, pursuant to Florida Rule of Civil Procedure 1.420(d), which provides in part "[c]osts in any action dismissed under this rule shall be assessed and judgment for costs entered in that action," the plaintiffs *491 were ordered to pay defendant DOT's costs. On appeal, neither party attempted to dissect or differentiate any element of the cost award, nor was it argued why that award or any part of it should not stand. Thus, the cost award should remain in place.
Accordingly, the order of this court is corrected to reflect that the trial court's award of $5,250.00 in 57.105 fees is reversed, the balance of the order on appeal affirmed. Appellants' request for appellate attorney's fees is denied.