PER CURIAM.
Eldalee Cook and Theodore Cook (“the Cooks”) appeal from an Order on Personal Representative’s Motion to Assess Attorney’s Fees and Other Sanctions in which the trial court awarded attorney fees, pursuant to Section 57.105, Florida Statutes (2002), to the Personal Representative of the Estate of Gloria M. Silverio. We reverse.
*1254 On December 7, 1999, an automobile operated by Gloria Silverio collided with an automobile operated by Eldalee Cook. Mrs. Silverio died at the scene, and Cook sustained serious injuries. On January 31, 2000, Nicholas Silverio, as Personal Representative of his wife’s Estate, filed a wrongful death action against the Cooks. In his Complaint, Silverio alleged damages for loss of consortium, the Estate’s loss of earnings and prospective net accumulations, and medical and funeral expenses. The Cooks counterclaimed for Mrs. Cook’s personal injuries and for Mr. Cook’s loss of consortium. During the pendency of that action, Silverio, individually, and as Personal Representative, filed a separate action against the insurer of the automobile driven by his late wife for uninsured motorist benefits. Silverio settled that action for the sum of $100,000.00, retained 100% of the proceeds in his individual capacity, and did not deposit any portion into the account for the Estate. According to the settlement draft, the payee was listed as “Nicholas Silverio, individually, and as Personal Representative of the Estate of Gloria Silverio.”
Later, the Cooks moved the probate court to compel Silverio to post a bond, to compel production of the original inventory of Estate assets, and to establish an independent depository for potential Estate assets pending the resolution of their claim against the Estate. After a hearing, the probate court required Silverio to supply the Cooks with an accurate inventory of the estate, and ordered him to deposit the settlement proceeds into a restricted depository.
On July 18, 2001, Silverio filed a Verified Petition to Confirm Settlement, asserting that the Estate was not entitled to the settlement proceeds because Mrs. Silverio was not employed, and there were no wage loss claims, net accumulations, or a funeral bill that would be a charge to the Estate as a result of the December 7, 1999 accident. The Cooks responded to the Petition, denying that the Estate had no interest in the settlement proceeds, and referencing the Estate’s lawsuit against them. At the hearing on the Petition, Silverio proffered the testimony of an expert witness who would testify that the Estate did not suffer damages in the automobile accident, and therefore did not have a valid claim to the settlement proceeds. In response, the Cooks contended that while they had no testimony to rebut Silverio’s allegations, Silverio, in lawsuits against the Cooks and Silverio’s insurer, claimed damages on behalf of the Estate. The Cooks did not raise an additional objection to Silverio’s proposed apportionment of the settlement proceeds. On November 14, 2001, the probate court granted the Petition to Confirm Settlement.
In April 2002, Silverio’s automobile insurer settled the Cooks’ counterclaim under its policy. As part of that settlement, Silverio dismissed his claims against the Cooks, and the Cooks dismissed their claims against Silverio and the Estate.
On July 25, 2002, Silverio filed a Motion to Assess Attorney’s Fees and Other Sanctions against the Cooks and their attorney as a result of the Cooks’ failure to assert a meritorious defense at the hearing on the Petition to Confirm Settlement. The trial court granted the Motion, finding that Sil-verio was “entitled to recover reasonable attorney fees and costs from [the Cooks and them attorney] for their failure to notify [Silverio or his attorney] at such time as they knew or should have known that they were withdrawing their objection to the Personal Representative’s Petition to Confirm Settlement.” This appeal follows.
The Cooks contend that the foregoing facts do not justify an award of fees under Section 57.105. We agree, The Cooks premised their objection to the Petition to *1255 Confirm Settlement upon the claims made by Silverio in the wrongful death action. It is undisputed that the claims made by Silverio in the wrongful death action, which included loss of earnings and prospective net accumulations, were wholly inconsistent with the assertions made in the Petition to Confirm Settlement — specifically, that there were neither wage loss claims nor prospective net accumulations claims to be made by the Estate. At the time of the hearing on the Petition to Confirm Settlement, Silverio had not abandoned the claims made in the wrongful death action. That being said, the Cooks certainly should not have been expected to abandon their position below so long as Silverio continued to maintain claims that were in conflict with one another. Thus, we conclude that the trial court abused its discretion in awarding fees under Section 57.105 because the Cooks’ position, which was premised upon the claims made by Silverio in the wrongful death case, was far from baseless. See Munoz v. City of Miami, 853 So.2d 489, 490 (Fla. 3d DCA 2003) (citing Vasquez v. Provincial South, Inc., 795 So.2d 216, 218 (Fla. 4th DCA 2001)).
Reversed.