MAY, J.
An insured property owner, Palm Beach Polo Holdings, Inc., challenges two final judgments entered in favor of its title insurer, Stewart Title Guaranty Company, in this consolidated appeal. Case number 11-4660 is an appeal from a final judgment for the insurer, reimbursing it for attorneys’ fees incurred when it represented the insured in an underlying property dispute. Case number 12-231 is an appeal of the trial court’s award of attorneys’ fees to the insurer, pursuant to section 57.105, Florida Statutes (2012). Multiple issues are raised. We find merit in one of them and reverse in part.

The Prequel

These appeals find their origin in a property dispute. The insured subdivided a parcel of property causing one parcel to become landlocked. The insured’s policy covered a “lack of a right of access to and from the land.” The policy stated that the insurer “will also pay the costs, attorneys’ fees and expenses incurred in defense of the title as insured, but only to the extent provided in the Conditions and Stipulations.” The conditions and stipulations provided that the insurer “will not pay fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this policy.”
Equestrian Club Estates (“Club”) owned a private road, which the insured wanted to use to access the landlocked parcel. The Club denied the insured access to the road. The insured made a demand on its title insurer, which retained counsel for the insured under a reservation of rights, to seek declaratory and injunctive relief for an implied grant of way over the Club’s road based on necessity. Following a non-jury trial, the court entered a final judgment in favor of the Club. It denied the insured a common-law way of necessity because the insured had created the lack of access by its own subdivision of the property. The trial court based its decision on the insured’s ownership of a second corporation that owned the adjoining parcel, which could be accessed from a public road.
The insured appealed the final judgment, and demanded that the insurer finance the appeal. The insurer denied coverage after entry of the final judgment in the underlying dispute, and did not finance the appeal. We affirmed. Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass’n, 949 So.2d 347 (Fla. 4th DCA 2007).

The Sequel

But the insured’s dispute with the insurer did not stop there. The insured filed a two-count complaint against the insurer, alleging that it had (1) breached the insurance contract and (2) acted in bad faith when it denied coverage and refused to finance the appeal. The insurer answered the breach of contract claim, moved to dismiss the bad-faith claim as premature, and filed a counterclaim against the insured for reimbursement of the attorneys’ *1076 fees and costs incurred during the trial in the underlying property dispute. The insurer also sought sanctions against the insured under section 57.105, Florida Statutes, alleging that the insured was judicially estopped from bringing these claims against the insurer. The trial court dismissed the bad-faith claim and granted sanctions, reserving jurisdiction to determine the amount.[1]
The insurer moved for a judgment on the pleadings on its counterclaim for reimbursement of the trial fees. It argued that our decision in the prior property-dispute appeal established the lack of coverage for the insured’s claim. And once it is determined that no coverage exists, an insurer is entitled to indemnification for attorneys’ fees and costs incurred in representing the insured under a reservation of rights. The reservation of rights stated that the insurer would provide representation, but it reserved the right to seek reimbursement if the action was later determined to not be covered under the policy.
The trial court held a hearing on the insurer’s motion for judgment on the pleadings.[2] The insured argued that there is a difference between “defending” and “prosecuting” a claim. The policy only provided that the insurer will not pay fees for the “defense” of actions not insured against, thus the insured argued that the insurer was not entitled to reimbursement of fees for “prosecution” of an action, even if not insured against under the policy. The insurer pointed to its reservation-of-rights letter that offered to provide coverage for the insured’s access claim subject to the reservation of rights. The trial court granted the insurer’s motion for judgment on the pleadings.
This left only the amount of sanctions to be imposed under section 57.105, and the amount of attorneys’ fees the insured owed to the insurer for reimbursement from the trial on the underlying property dispute— the basis of the insurer’s counterclaim. The parties stipulated to most of the facts. The ease proceeded to trial, where a jury determined the amount of damages owed by the insured on the counterclaim, and the trial court determined the amount of sanctions under section 57.105.[3]
The insurer’s vice-president testified about the concept of title insurance, and that title insurers may defend an insured’s title by prosecuting a lawsuit. She also explained the concept of a reservation-of-rights letter, and the insurer’s entitlement to recover the cost of representing the insured. The insured attempted to admit the policy to distinguish between “defending” and “prosecuting” a claim. The insurer argued the policy was irrelevant because entitlement had already been determined. The trial court sustained the insurer’s objection.
The insurer then called an attorney from the law firm that represented the insured in the property dispute to explain the difference between defending and prosecut *1077 ing a claim. The attorney provided the following:
In the title insurance world, and when you defend somebody’s title, sometimes you have to defend their title by prosecuting what you would think of as prosecuting a claim. Just like if, if somebody accosted your child or your wife or somebody on the street and said, “I’m going to beat you up, I’m going to take your money,” you might defend that person’s honor by prosecuting or attacking that person, so that’s the sense that it’s used in title insurance defense.
The insurer also called an expert witness, who testified that he had reviewed the files and billings from the property-dispute litigation. He testified about the attorney’s reputation for professionalism in the community, that the hourly rate of $175 was “extremely reasonable,” and that a reasonable fee was $156,870 for approximately 896.4 hours of work. In arriving at his conclusion, the expert considered the list of factors identified in the Rules Regulating the Florida Bar. He found that the law firm had incurred costs of $15,963.20, for a total of $172,853.20. Following the expert’s testimony, the insurer rested.
The insured moved for a directed verdict and argued: (1) that the law firm was retained for the sole purpose of seeking affirmative relief by “prosecuting” the claim for implied way of necessity; (2) that the policy “specifically distinguishes between defending a case and prosecuting a claim”; and (3) that because attorneys’ fees provisions are strictly construed, the insured should be granted a directed verdict. The insurer responded that the scope of the trial was limited to the amount of attorney’s fees, not entitlement, which had already been decided.
In denying the insured’s motion, the trial judge reviewed the reservation-of-rights letter and commented that the insurer’s reservation was for a cause of action the insured filed and then “asked the title company take over.” The trial court indicated that it did not have to make that determination because the predecessor judge had already decided entitlement.
While the jury was deliberating, the trial court held a bench trial on the amount of sanctions to be imposed under section 57.105. On cross-examination of the insurer’s vice-president, the insured pointed out that the bills of the law firm that defended the two-count complaint did not differentiate between work done on the bad-faith claim and work done on the breach-of-contract claim. Of the $54,000 requested, the witness could not allocate the time attributed to each claim, nor could she identify how much of the fees were for travel expenses from Miami to West Palm Beach. On redirect, the insurer’s vice-president indicated that the motion for sanctions encompassed both claims.
The insurer again called the expert witness to provide his opinion on the reasonableness of the second law firm’s fees and costs with respect to the sanctions order for having to defend the two-count complaint. He testified that the rates charged were reasonable; that 203.2 hours was a reasonable amount of time; that the total amount of fees was $54,051.20; and the total amount of costs was $1,836.98 for a total of $55,888.18.
On cross-examination, the expert testified that the attorney’s efforts expended on the claims for breach of contract and bad faith “were intermingled” because, among other things, “the same factual allegations or factual basis” applied to both causes of action, and they involved the same work. He did not reduce the fees and costs by the amount charged for travel time because the fees and costs were meant as a sanction to punish the insured. The trial court directed the parties to submit post-trial memoranda.
*1078 On the counterclaim, the jury awarded the insurer $156,870 in attorneys’ fees and $15,963.20 in costs and expenses. After determining prejudgment interest, the trial court entered a final judgment in the amount of $255,219. The insured filed a motion to set aside the verdict and for new trial, which the trial court denied. As to section 57.105 sanctions, the trial court entered an order entitling the insurer to $54,051.20. This brings us to this consolidated appeal.
The insured argues that the trial court’s order is technically deficient because it does not expressly state the court’s finding of frivolity. The insurer concedes that the order is technically deficient, but argues that there was competent, substantial evidence to support the order. As such, the insurer requests only a remand for entry of a proper order, rather than reversing the judgment.
Section 57.105 requires an explicit finding by the trial court that there was a complete absence of a justiciable issue of law or fact raised by the plaintiff in the action. There must be a finding on record, supported by substantial competent evidence, in order for the trial court to award attorney’s fees and costs.
Vasquez v. Provincial S., Inc., 795 So.2d 216, 218 (Fla. 4th DCA 2001) (citations omitted).
Here, neither the order finding the insurer entitled to section 57.105 fees nor the order awarding the amount contains express findings of fact. There was, however, competent, substantial evidence to support the trial court’s award.
[A] review of Florida case law reveals that there are established guidelines for determining when an action is frivolous. These include where a case is found: (a) to be completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (b) to be contradicted by overwhelming evidence; (c) as having been undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (c) [sic] as asserting material factual statements that are false.
Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615, 619 (Fla. 4th DCA 2006) (quoting Wendy’s of Ne. Fla., Inc. v. Vandergriff, 865 So.2d 520 (Fla. 1st DCA 2003)) ( [sic] in original).
Here, the insurer correctly denied the claim. The insurance policy excluded “[d]efeets, liens, encumbrances, adverse claims or other matters” that were “created, suffered, assumed or agreed to by the insured claimant.” Because the insured caused his land to become landlocked, he created the defect, and his claim was not covered under the policy. Equestrian Club Estates, 949 So.2d at 350. There was substantial, competent evidence to support the finding that the two-count complaint was frivolous.
Similarly, the order determining the amount of the section 57.105 sanctions was supported by competent, substantial evidence. The insurer’s expert testified that the rates and number of hours expended were reasonable, and the expert relied on the correct factors in rendering his opinion.
BUT, the trial court’s order is technically deficient because it fails to include a specific finding regarding the complete absence of a justiciable issue in the insured’s cause of action. Peerless Elec. Co. v. Goldberger, 473 So.2d 300 (Fla. 4th DCA 1985). We therefore reverse on this issue only and remand the case to the trial court for the requisite findings. The trial court may order the same award without hearing more evidence. See, e.g., Schwartz v. W-K *1079 Partners, 530 So.2d 456, 458 (Fla. 5th DCA 1988).

Reversed and Remanded.

CIKLIN, J., and SCHIFF, LOUIS, Associate Judge, concur.

. Although Judge Lewis determined the insurer’s entitlement to fees as a sanction against the insured under section 57.105, Judge Cox held the evidentiary hearing and determined the amount.

. At the hearing, there was confusion over whether the trial court’s previous order dismissed one or both of the insured’s claims. The record is unclear whether the judge dismissed count I (breach of insurance contract). However, considering the judge sanctioned the insured, it must have determined that neither claim had merit. Moreover, the insured's attorney admitted that the breach of contract claim was dismissed.

.The insured challenges the amount of fees only to the extent that the sanction included fees for time spent on the insurer’s counterclaim and reimbursement for attorneys’ travel time.