[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13102
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00063-ACC-PRL

MICHAEL HUFF,
individually,
BARBARA HUFF,
individually,
WILLIAM H. LEIBERS,
individually,

                                                        Plaintiffs - Appellants,

versus

REGIONS BANK,
d.b.a. Regions Mortgage,

                                                        Defendant - Appellee,

ANY AND ALL UNKNOWN PARTIES,
Claiming by, through, under and against
the herein named individually defendants
who are not known to be dead or alive,
whether said unknown parties may claim
an interest as spouses, heirs; devisees,

grantees, or other claimants, et al.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 9, 2014)

Before ROSENBAUM, ANDERSON and COX, Circuit Judges.

PER CURIAM:

The Plaintiffs challenge on appeal the district court's order granting Region Bank's motion for dismiss.  The Plaintiffs filed this diversity case asserting a quiet title action under Florida law.  Regions Bank moved to dismiss the complaint.  (R. 36.)  The Plaintiffs never responded to the motion.  The district court found that the allegations of the Plaintiffs' complaint are "conclusory, incomprehensible, frivolous, or unsupported by law."  (R. 37 at 3.)  The court dismissed the case for failure to state a claim.  We affirm.

Reviewing the Plaintiffs' briefs, we cannot discern what issues the Plaintiffs raise on appeal.  Contrary to the requirements of Federal Rule of Appellate Procedure 28(a)(5), the Plaintiffs' brief does not include "a statement of the issues presented for review."  *See also* 11th Cir. R. 28-1(h).  The statement of the case provides little guidance.  It reads in full: "Approaching this court, Appellant

2

petitions the United States Court of Appeals for the Eleventh Circuit per Section 9, 'No person shall be deprived of life, liberty or property, without due process of law . . . . . [sic]'" The Plaintiffs seem to contend that the district court violated Section 9 of the Constitution of the State of Florida by dismissing their case. However, the Plaintiffs provide no reason why a *United States* district court is governed by the Florida Constitution.

Additionally, the Plaintiffs seem to contend that the district court erred by not considering the merits of their case. However, such an assertion is contrary to the facts in the record. The district court considered the merits of the Plaintiffs' complaint and found the complaint deficient as a matter of law. And, although the Plaintiffs cite various portions of Florida quiet title law, they do not show how the district court erred.

Finally, the Plaintiffs contend that the district court erred by awarding sanctions. However, the district court specifically deferred ruling on the motion for sanctions and had not issued any final decision on that matter when the notice of appeal in this case was filed.

Accordingly, the Plaintiffs allegations of error are meritless and we affirm the district court's judgment.

**AFFIRMED.**