[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11188
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00072-ACC-PRL

JOSE R. GONZALEZ,
individually,

Plaintiff -Appellant,

versus

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
GMAC MORTGAGE,

Defendants -Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 4, 2014)

Before MARCUS, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Plaintiff Jose R. Gonzalez appeals from the district court's denial of his Motion to Vacate Judgment on Attorney's Fees. For the following reasons, we affirm.

## I.    BACKGROUND

On February 4, 2008, Triple Crown Homes, Inc. conveyed to Gonzalez real property located in Marion County, Florida. To finance the construction of a residence on the property, Gonzalez executed a note in favor of Community Bank and Trust of Florida ("Community Bank") for the principal sum of $252,000. Then, to secure the note, Gonzalez granted to Community Bank a mortgage on the Marion County property and all improvements subsequently made upon it. Community Bank recorded the mortgage on February 26, 2008.

Thereafter, Gonzalez's mortgage underwent a string of assignments: (1) from Community Bank to Prime Home Mortgage, Inc. ("Prime") on August 26, 2008; (2) from Prime to Mortgage Electronic Registration Systems, Inc. ("MERS") that same day; and (3) on February 14, 2012, from MERS to GMAC Mortgage, LLC ("GMAC"). Each assignment was recorded with the Marion County Clerk of Court.

On or around June 26, 2012, Gonzalez sent "Debt Verification" letters to Community Bank, Prime, and GMAC. The letters declared that Gonzalez was not

2

aware of any lawful contract between himself and each of the institutions, and requested validation "that an actual debt exists" by a showing of twenty facts, including: that Gonzalez entered into a lawful contract; that legal tender was used to create the debt; that the debt was not set off or discharged; that the note conforms to certain provisions of the Uniform Commercial Code; and that Gonzalez received a "loan" pursuant to Black's Law Dictionary.  Finally, the letters requested a release of Gonzalez's mortgage, cautioning that "silence is acquiescence" and that a failure to respond waives any and all claims to the Marion County property.

Receiving no response, on August 1, 2012, Gonzalez sent a second letter to each institution, providing notice of their failures to respond and an opportunity to cure by releasing all rights to his mortgage within thirty days.  Gonzalez again received no response, so he mailed the three institutions a "Notice of Default in Dishonor" around September 26, 2012, which he said "discharge[d] the alleged liability" owed under his note and mortgage.  Then, around December 4, 2012, Gonzalez likewise sent a Notice of Default in Dishonor to MERS.

On December 18, 2012, Gonzalez filed suit in Florida state court, seeking to quiet title to the Marion County property based on a novel theory:  specifically, that the failure of the above institutions to verify the debt evidenced by his note

3

and secured by his mortgage meant that the Gonzalez had thereby been released from any obligation to repay the money he had borrowed and that the property secured by his mortgage was now his, free and clear.  Gonzalez was represented by counsel.  Defendants, now appellees, MERS and GMAC moved to dismiss the complaint on January 30, 2013.  Shortly thereafter, they removed Gonzalez's suit to the Middle District of Florida based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).

Upon consideration of the Motion to Dismiss previously filed in state court by MERS and GMAC, the district court found that Gonzalez had failed to plead plausible facts showing that a cloud on his title exists.  Specifically, the court concluded that Gonzalez's theory that "failure to acknowledge in writing a recorded note and mortgage creates a possible cloud on [] title" was "frivolous" and "unsupported by any legal authority."  Moreover, exhibits attached to Gonzalez's Complaint "directly rebut" the averments made within it, as "the recorded mortgage and note show that [Community Bank] lent [Gonzalez] the sums of money at issue," that Gonzalez's "signature appears on both of these recorded documents," and that Gonzalez "has never denied that he signed the documents."  Thus, the district court granted the motion, dismissing Gonzalez's Complaint without prejudice.  While it found Gonzalez's position to be

4

unsupported by any legal authority, the court nevertheless granted Gonzalez two weeks within which to file an amended complaint, so long as he could "do so without violating *Federal Rule of Civil Procedure* 11."  In affording Gonzalez this leniency, the court noted that "[t]he amended complaint shall not serve as an opportunity to add new claims" and that if it does not satisfy Rule 11, the court "may consider sanctions against [Gonzalez]."

Thereafter, Gonzalez timely filed an Amended Complaint.[1]  Though he took advantage of the court's leniency, he did not heed its warning as to the permitted scope of the pleading or the standard to which it would be held.  Rather, Gonzalez's Amended Complaint included new claims for fraud, fraudulent inducement, concealment, and fraudulent representation.  Most notably, it retained his claims for "non-verification of debt" as to GMAC, which claims the district court had held did not constitute a valid claim for relief.

In response, GMAC filed a Motion to Dismiss the Amended Complaint and to impose sanctions upon Gonzalez.  The district court granted that part of GMAC's motion requesting dismissal of Gonzalez's Amended Complaint, and did so with prejudice.  It denied, without prejudice, the request for sanctions, noting that the latter must be made in an independent motion and must include the amount

---

[1]  Appellant later corrected the Amended Complaint, adding a previously omitted Certificate of Service.

5

of attorney's fees or proposed amounts for possible sanctions.  Consequently, GMAC and MERS refiled a Motion for Sanctions, which the court referred to a magistrate judge.

Thereafter, the magistrate judge issued a Report and Recommendation in which he concluded that Gonzalez's claims have no "plausible basis in law or fact," which "should have been clear by reading the case law."  Instead, they are "based upon a legal theory that had absolutely no chance of success and which cannot be characterized as reasonable arguments to change existing law."  Moreover, Gonzalez repeatedly failed to allege facts sufficient to show a cloud on his title and ploughed ahead with his claims, despite warnings of frivolity and the possibility of sanctions given by the opposing parties.

With respect to Gonzalez's counsel, Kelly A. Bosecker, the magistrate judge noted that her conduct "consistently fell below the level expected of lawyers practicing before [the] [c]ourt."  To wit, Bosecker filed motions in the Middle District of Florida when she had not been admitted there[2]; botched the simple

---

[2]  On February 14, 2013, shortly after removal of the action to federal court, the Clerk of Court notified Bosecker that she was not admitted to practice in the District and provided instruction on how to gain admission.  Yet, Bosecker ignored this communication, instead filing a Motion to Remand on March 3, 2011.  In response, the magistrate judge removed her as counsel of record for appellant and denied the Motion to Remand.  Bosecker eventually completed the admission process, entering notice of her appearance on behalf of appellant on March 29, 2013.  She then used her tardy admission as the ground for appellant's emergency motion to extend the deadline for filing an amended complaint, which the court denied.

admissions process when she finally and belatedly attempted it; pursued

Gonzalez's claims despite being advised of their frivolity; responded to appellees'

motions with papers that "had no reasonable factual or legal basis" and that were

"'frivolous, incoherent, and shoddy'"; "engaged in unreasonable and vexatious

conduct" and "multiplied the proceedings by filing [an] unfounded motion to

remand, [a] 'less than forthcoming' emergency motion for extension of time, and

the frivolous Amended Complaint, and by opposing [appellees'] motion to dismiss

with frivolous and unsupported arguments"; acted in an unprofessional manner

throughout the course of litigation; and disregarded the "[c]ourt's limited

resources, the Local Rules of [the] Court and the Federal Rules of Civil

Procedure."[3]

For these reasons, the magistrate judge recommended imposing sanctions

jointly upon Gonzalez and Bosecker pursuant to Rule 11, 28 U.S.C. § 1927, Fla.

Stat. § 57.105, and the court's inherent authority. Gonzalez filed an incoherent

response, which the court construed as a Motion for Reconsideration and which the

---

[3] On these last three points, the magistrate judge noted that Bosecker had represented six other plaintiffs who asserted the same unsupported legal theory advanced in this case: that failure to validate a debt creates a cloud on title. With respect to appellant's emergency motion for an extension of time, Bosecker had filed similar motions in the other actions on which she was counsel, asserting "an unidentified, serious medical emergency that prevent[ed] her from completing a plaintiff's Amended Complaint." The court requested that Bosecker provide documentation of her emergency, but she refused to do so. Consequently, the court denied the motions for extensions of time, and Bosecker ceased using medical emergency as a ground for her filings.

magistrate judge denied.  Thereafter, the district court adopted the magistrate judge's recommendation to impose sanctions, entering a Final Judgment to that effect.  Gonzalez then filed a Motion to Vacate Judgment on Attorney's Fees, construed as being made pursuant to Rule 60(b), which the district court denied.

## II.    STANDARD OF REVIEW

We review the denial of a Rule 60(b) motion for abuse of discretion.  *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014).

## III.    ANALYSIS

Under Rule 60(b), a judge may relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, discharged, reversed, or vacated or that would no longer be equitable to apply;  or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b) (2014).

When appealing from the denial of a Rule 60(b) motion, an appellant carries a heavy burden.  *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam).  To succeed on his appeal, the appellant "'must do more than show that a grant of [the] motion might have been warranted.'"  *Maradiaga v. United States*,

8

679 F.3d 1286, 1291 (11th Cir. 2012) (quoting *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996)).  Rather, "he 'must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion.'"  *Id.*

At the outset, we note that review of an appeal from a Rule 60(b) motion is "'narrow in scope, addressing only the propriety of the denial or grant of relief.'"  *Id.* (quoting *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999)).  It does not "'raise issues in the underlying judgment for review.'"  *Id.*  Further, Gonzalez's Notice of Appeal only identifies "the lower [c]ourt's Denial of Plaintiff's Motion to Vacate Judgment on Attorney Fees" as the action he is appealing.  For these reasons, we do not address Gonzalez's arguments that his Complaint stated a plausible claim for relief or that the district court's order dismissing such was improper or a deprivation of his Due Process rights.

While Gonzalez's Brief mostly rehashes arguments presented below, he does make four claims pertinent to the denial of his Motion to Vacate: (1) that he has "[n]ever misrepresented or otherwise misled the [c]ourt in any way, shape or form in regards to this action, and [that he] has a valid claim in quiet title to his property"; (2) that § 57.105 should be exercised with restraint and not to chill use of the courts; (3) that "[a]ny purported failure to state of action (sic) is not, in and of itself, a sufficient basis to support a finding that a claim was so lacking in merit

9

as to justify an award of fees; and (4) that sanctions under § 57.105 "'must be predicated upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial record.'" None of these arguments demonstrate a justification for relief so compelling that the district court was required to grant Gonzalez's motion.

First, and most importantly, these arguments do not speak to any of the enumerated reasons for which a judge may grant relief from a final judgment, such as mistake or inadvertence, newly-discovered evidence, or fraud, nor are they persuasive in arguing that relief from the court's entry of Final Judgment is warranted. *See* Fed. R. Civ. P. 60(b)(1)-(6); *cf. Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316-17 (11th Cir. 2000) (finding newly-discovered scientific evidence insufficient to reverse denial of Rule 60(b) motion). Second, Gonzalez may not have misled the district court about the substance of his purported quiet title claim, but that does not make the claim any less frivolous or unsupported: a fact of which Gonzalez was informed on at least three occasions. As we have stated before, it is not "an abuse of discretion for the district court to deny a motion under Rule 60(b) when the judgment or order from which the movant seeks relief was entered as a result of the movant's choice to rely on an unsuccessful legal theory." *Maradiaga*, 679 F.3d at 1294.

10

Third, it is true that "Florida favors access to the courts and has interpreted section 57.105 to provide a remedy only where the plaintiff's complaint is completely untenable." *Vasquez v. Provincial S., Inc.*, 795 So. 2d 216, 218 (Fla. 4th Dist. Ct. App. 2001). Gonzalez's complaint, however, does not present a "good faith attempt to change an existing rule of law," as did the complaint at issue in *Vasquez. Id.* Rather, Gonzalez asserts a legal theory that is frivolous and unsupported, and has been repeatedly rejected. *See id.* ("The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation") (citations and internal quotation marks omitted). Indeed, we have previously affirmed the imposition of sanctions in cases identical to that before us now, as has a Florida court. *See Huff v. Regions Bank*, 574 Fed. App'x 913 (11th Cir. 2014); *Barrios v. Regions Bank*, 572 Fed. App'x 839 (11th Cir. 2014); *Badgley v. Suntrust Mortg., Inc.*, 134 So. 3d 559 (Fla. 5th Dist. Ct. App. 2014) (affirming sanctions and collecting cases). Notably, all three of these cases involved Bosecker as counsel.

Fourth, the court below did not impose sanctions solely for Gonzalez's failure to state a plausible claim for relief, but also for his continued pursuit of his frivolous debt validation theory and for Bosecker's continuing unprofessional conduct. Finally, more than sufficient evidence existed in the record for the court

11

to determine that such an action was appropriate. *See Strothman v. Henderson Mental Health Ctr., Inc.*, 425 So. 2d 1185, 1185-86 (Fla. 4th Dist. Ct. App. 1983) ("[An imposition of sanctions under § 57.105] must be predicated upon substantial competent evidence . . . *before the court and in the trial court record*.") (emphasis added).

Thus, for the above reasons, we conclude that the district court did not err by denying Gonzalez's Motion to Vacate Judgment on Attorney's Fees, and we therefore affirm.

**AFFIRMED.**

12