NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

B.W.P.,           )
             )
    Appellant,       )
             )   Case Nos. 2D13-4919
v.              )        2D13-5653
             )
A.L.H.,          )
             )
    Appellee.       )   <u>CONSOLIDATED</u>
             )

Opinion filed January 23, 2015.

Appeals from the Circuit Court for Lee
County; James R. Thompson, Senior Judge,
and R. Thomas Corbin, Judge.

Luis E. Insignares of Luis E. Insignares,
P.A., Fort Myers, for Appellant.

Theresa Daniels of Goldstein, Buckley,
Cechman, Rice & Purtz, P.A., Fort Myers,
for Appellee.


CASANUEVA, Judge.

    B.W.P., a sperm donor, appeals an order dismissing his amended petition

to determine paternity with prejudice and a related order granting attorney's fees to

A.L.H., the mother. We conclude that the trial court did not err in dismissing the

amended petition with prejudice, because even if B.W.P. is correct that there was no

valid written contract between the parties limiting his ability to assert parental rights,

section 742.14, Florida Statutes (2012), precludes him from asserting such rights.[1]  See Lamaritata v. Lucas, 823 So. 2d 316 (Fla. 2d DCA 2002).

However, we conclude that the trial court erred in awarding attorney's fees to A.L.H. pursuant to section 57.105, Florida Statutes (2012).  The court found that B.W.P. knew or should have known that his petition and amended petition were "insufficient on the facts and the law."  Section 57.105(3) states that notwithstanding whether an action is not supported by the facts or the application of then-existing law, fees may not be awarded if the claim "was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success."

As recognized by the Fourth District, attorney's fees should not be awarded pursuant to section 57.105 when the losing party attempted in good faith to advance a novel question of law.  Vasquez v. Provincial S., Inc., 795 So. 2d 216, 218 (Fla. 4th DCA 2001) ("Florida favors access to the courts and has interpreted section 57.105 to provide a remedy only where the plaintiff's complaint is completely untenable.  An award of attorney's fees is not appropriate as long as the complaint alleges some justiciable issue.").  In his petition, B.W.P. attempted to advance a novel question of law.  See generally D.M.T. v. T.M.H., 129 So. 3d 320, 328 (Fla. 2013) (holding section 742.14 "unconstitutional as applied under the Due Process Clauses of the Florida and United States Constitutions and under the privacy provision of the Florida Constitution");

---

[1]B.W.P. and A.L.H. agreed that she would be artificially inseminated without the help of a fertility clinic.

<u>Jason P. v. Danielle S.</u>, 171 Cal. Rptr. 3d 789, 797-98 (Cal. Ct. App. 2014) (deciding that sperm donor could not rely on doctrine of equitable estoppel to argue that the mother was not entitled to the protection afforded her under California's statute addressing the rights of a donor).

Accordingly, we affirm the order dismissing B.W.P.'s amended petition to determine paternity with prejudice, but we reverse the order granting A.L.H. an award of attorney's fees pursuant to section 57.105.

Affirmed in part; reversed in part.

KHOUZAM and MORRIS, JJ., Concur.